52  285
140 m 678

52  285
97  ² 605

THE STATE OF MISSOURI, Respondent, v. GEORGE N. WHITE, Appellant.

### Kansas City Court of Appeals, January 2, 1893.

1. **Criminal Procedure**: CONVICTION OF LESSER OFFENSE. Though the indictment be for a felony,—as an assault to commit rape,—the conviction may be of a simple assault.

2. **Criminal Law**: SUFFICIENCY OF EVIDENCE: ASSAULT. The evidence in this case is *held* sufficient to justify a jury in the inference that defendant placed his hand on the prosecutrix, or retained his hold upon her, against her will, for a lustful and immoral purpose, which amounts to an assault.

3. ———: ASSAULT: VIOLENCE: LUST. To touch a virtuous wife in the way of illicit love is a far greater outrage than to touch her in anger, and equally a breach of the peace; one is the assault of violence, the other of lust.

4. ———: DIFFERENCE IN ASSAULTS. There is a wide difference between an assault with intent to commit a rape and an assault with intent, merely, to have an improper sexual connection.

5. ———: ASSAULT: INSTRUCTION: EVIDENCE. As there was not sufficient evidence to support a verdict for assault with intent, etc., it was error to submit that issue to the jury by instruction.

6. ———: ———: SOLICITATION. The mere verbal solicitation of a woman does not constitute an assault.

*Appeal from the Hickory Circuit Court.*—HON. W. I. WALLACE, Judge.

REVERSED AND REMANDED.

*S. H. White*, for appellant.

(1) There is no evidence, whatever, even tending to establish an assault with intent to rape, and it was clearly the duty of the court to so instruct the jury. To establish that offense, "there must be evidence of

an intent to use whatever amount of force is necessary to overcome resistance, and accomplish the purpose." *State v. Priestly*, 74 Mo. 24; *State v. Kendall*, 73 Iowa, 255. By the testimony of Mollie Rhea, the prosecutrix herself, the defendant is exonerated from any act or intent. *State v. Bergdorf*, 53 Mo. 65. (2) We maintain that one indicted for an assault with intent to commit rape cannot be convicted of a simple assault, and, even if it were the law to so convict, the verdict in this case does not find defendant guilty of simple assault, nor does it assess a punishment or fine allowed by law for the higher offense, and is, therefore, not responsive to any issue submitted to the jury, and will not support a judgment. *State v. Steptoe*, 1 Mo. App. 19; *State v. Pickels*, 1 Mo. App. 21.

*F. Marion Wilson*, also, for appellant.

(1) Under the ruling of the supreme court of Missouri, *State v. Owsley*, 102 Mo. 678, there was no assault in this case. Kelley's Criminal Law, sec. 573; *State v. Priestly*, 74 Mo. 24; Bouvier's Law Dictionary, p. 191; Wharton's American Criminal Law, p. 460; 1 Russell on Crimes, p. 750; 3 Greenleaf on Evidence [14 Ed.] sec. 59. (2) Under a proper instruction given, defining an assault, the evidence in this case does not show that there was an assault. It must be proved that there was an unlawful attempt to commit violent injury. 2 Thompson on Trials, sec. 2194; *State v. Harney*, 101 Mo. 470.

*John M. Wood*, for respondent.

(1) The evidence was sufficient to sustain the verdict in this case. (2) The court properly submitted the case under sections 3490 and 3492, Revised Stat-

utes. *State v. Webster*, 77 Mo. 566; *State v. Robb*, 90 Mo. 30; *State v. Schloss*, 93 Mo. 361. (3) For the reasons above given, the court did not err in refusing. to give instructions numbers 1 and 6 inclusive asked by the defendant.

ELLISON, J.—The defendant was indicted for an assault with intent to commit' rape. He was convicted of a simple assault, and fined $71. He appealed the case to the supreme court. That court transferred the case here on the ground that it had no jurisdiction.

Notwithstanding the indictment was for felony, the defendant may now, under the general statutes, be convicted of a simple assault. Revised Statutes, 1889, sec. 3950; *State v. Phipp*, 34 Mo. App. 400; *State v. Schloss*, 93 Mo. 361; *State v. Karnes* (decided this term). This disposes of much of defendant's complaint.

The principal question left for our consideration is whether there was evidence in the case from which the jury could, under the principles of law, find defendant guilty of an assault merely. Our opinion is that there was. The prosecutrix testified, in substance, that she had not been well; that defendant was her family physician, and that he stopped at her house during the absence of her husband, stating to her that her husband requested him to do so; that he felt her pulse, looked at her tongue, told her that she was in bad condition and that he would have to make "an examination." She asked him to wait till her husband could be present, but he insisted on the examination then, as he did not know when he could be out in that vicinity again; that she then submitted to an examination; that during this examination (just when does not clearly appear), defendant took hold of her arm, and began to make indecent demonstrations, when she

•"jerked loose from him." He then took hold of her arm again, and solicited her to submit to him, when, upon her threatening him, he desisted, asked her pardon and left the house.

There was evidence introduced for the purpose of discrediting her; but the defendant himself testified that he had been requested by the prosecutrix's husband to stop at the house, and show her how to adjust or place a certain instrument or contrivance sometimes used (as she states) to prevent conception; that "when I was introducing it I had hold of her right arm with my left hand, and, when I finished putting it in place, I let the hand down, and she leaned towards me. As soon as I had it in place I let go of her hand, and says, 'We might try this now.' She jumped back, and looked at me, and I says, 'I beg your pardon; I have made a mistake,' and she said: 'You had no business to say that, and I will never think half as much of you as I have.' I told her to tell her husband about it, and they could do as they pleased about telling anyone else. * * * I had no intention of having connection with the woman against her will."

There is enough in this testimony of defendant, unaided by the other evidence, to justify the jury, if properly instructed, in inferring that he placed his hand upon the prosecutrix, or that he retained his hold upon her, against her will, for a lustful and immoral purpose; and this, in our opinion, would amount to an assault.

The defendant's contention appears to be that there can be no assault without an attempt to do some violent bodily injury or hurt, and definitions are quoted to maintain this proposition, But these definitions must not be understood as excluding everything which is not an attempt to bodily wound, injure or disfigure in the ordinary sense of these words. For

instance, it was held an assault and battery for a man to put his arm licentiously, though tenderly, about the neck of a woman against her will. *Goodman v. State,* 60 Ga. 509. The court, among other things, said: "To beat, in a legal sense, is not merely to whip, wound or hurt, but includes any unlawful imposition of the hand and arm. The slightest touching of another in anger is a battery. To touch a virtuous wife in the way of illicit love is a far greater outrage than to touch her in anger, and equally a breach of the peace. It is violence proceeding from lust, instead of violence proceeding from rage. It issues from the passion, which, unrestrained, culminates in rape, instead of from the passion which culminates in homicide." So it was held an assault for a man to go into a woman's private sleeping apartment against her will, while she was in bed, and sit upon the bed and bed clothing, lean over her and solicit sexual intercourse. *Newell v. Whitcher,* 53 Vt. 589. And a defendant was held guilty of an assault and battery who gave to a girl a fig containing a "love powder," a deleterious drug, which she ate, without knowing that it contained the powder, and injured her health. *Commonwealth v. Stratton,* 114 Mass. 303.

We are aware that in this state care and strictness are very properly required in the proof of an assault with intent to commit rape; that the proof should show that the defendant's intention was to force compliance with his desire at all hazards, regardless of resistance by the female as shown by authorities in counsel's brief. But it must be remembered that there is a wide difference between an assault with intent to commit rape and an assault with intent, merely, to have an improper sexual connection. *Regina v. Staunton,* 1 C. & K. 415; *Irving v. State,* 9 Tex. App. 66. Of the

The State v. White.

former, defendant has practically been found not guilty by the jury, as he should have been, since, in our opinion, there is no evidence upon which a verdict of guilty of an assault with attempt to commit rape could rest.

It was, therefore, error in the court to give an instruction to the jury on the subject of rape, as its evident tendency was to prejudice defendant and prevent his having a fair trial, to which he is entitled. On the other hand, the court should have given defendant's instruction number 2, declaring there was no such evidence. The court should also have given defendant's instruction number 3, wherein it is declared that mere verbal solicitation of a woman for sexual intercourse does not constitute an assault. There was evidence, under defendant's theory, upon which such instruction could rest. So, in the same connection and for the same reason, defendant's fourth instruction should have been given. The fifth instruction was properly refused on account (as shown above) of the definition of an assault as applied to the peculiar facts of this case. And for the same reason the court's first instruction of its own motion should not have been given. There should be given an instruction as to reasonable doubt, and probably was in this case, though it does not appear in the printed abstract. For the foregoing errors in the instructions the judgment will be reversed and the cause remanded. All concur.