## THE STATE v. ARTHUR HOAG, Appellant.

### Division Two, February 7, 1911.

1. **EVIDENCE: No Objection.** If no objection was made to questions propounded by the State to defendant's character witnesses, the court will not consider an assignment that such questions were improper.

2. **———: Statements Made by Defendant.** Defendant cannot testify to statements made by him to his wife after his arrest.

3. **ATTEMPT TO CARNALLY KNOW: Sufficient Evidence: Improbability.** The prosecutrix was thirteen years old and went, about ten o'clock of the forenoon, to the church where defendant was the janitor. She testified that he sat down by her, showed her some pictures, put his hand under her dress and upon her sexual organ. The evidence is reviewed and held sufficient, if believed, to sustain a verdict of guilty of assault with intent to carnally know the little girl; and although the assault, if committed at all, was committed at a time when defendant knew that other persons would in a few minutes be on the scene, and that he could not consummate the offense without being discovered, it was nevertheless the province of the jury to decide whether the witnesses told the truth.

4. **———: No Instruction for Common Assault.** If the jury believed the testimony of the little girl, that defendant placed his hands under her dress in a lascivious manner, and yet, from the surrounding circumstances that the place was a

church and people were about to arrive, did not believe he in-
tended to have sexual intercourse with her at that particular
time, they would have been justified in finding him guilty of
common assault; and it was reversible error for the court to
fail to give an instruction on the law of common assault, al-
though they found him guilty of an assault with intent to
carnally know.

Appeal from Cass Circuit Court.—*Hon. Nick M.
Bradley,* Judge.

REVERSED AND REMANDED.

*Jas. T. Burney* and *A. A. Whitsitt* for appellant.

(1) In order to constitute the offense charged,
there must be an assault, and it is equally clear that
the accomplishment of the act must be intended by the
assault, and such intent must be shown by such assault
and the attending circumstances. State v. Riseling,
186 Mo. 530; State v. Priestly, 74 Mo. 24; State v.
White, 52 Mo. App. 285; State v. Harney, 101 Mo. 470;
State v. Hayden, 141 Mo. 311; State v. Dalton, 106 Mo.
463. (2) The charge in this case is of assault with
intent then and there feloniously to unlawfully rape
and carnally know the prosecuting witness, she being
under fourteen years of age, to-wit, of the age of
thirteen years. But there must be such force in mak-
ing the assault, together with other circumstances in
the case, as will demonstrate the purpose and intent
of the party charged, to have carnal knowledge of a
female, though she be under the age of consent. Crom-
mes v. State, 53 S. W. 882; Harden v. State (Tex.
Civ. App.), 46 S. W. 808. (3) There must be sub-
stantial testimony establishing the guilt, and courts
will refuse to permit convictions to stand because of
the utter improbability of the testimony in the light
of the conceded circumstances. State v. Goodale, 210
Mo. 275. (4) The presumption of innocence is not

overcome by strong suspicion or conjecture. The law requires proof beyond a reasonable doubt. State v. Crabtree, 170 Mo. 642. (5) The evidence being insufficient to support a verdict for assault with intent to rape, it was error to give that instruction or submit that issue. State v. White, 52 Mo. App. 285. (6) Notwithstanding the indictment was for a felony, the defendant may be convicted of a simple assault, and in the event there was evidence to justify or upon which to base common assault, it was the duty of the court to submit that view of the case by proper instruction on common assault, and failure to instruct constitutes error. (7) Where there is not sufficient evidence to support a verdict of assault with intent to rape, and it would support one for common assault, it is error to submit that issue by instruction, as its tendency is to prejudice the jury against defendant and prevent his having the fair trial to which he is entitled. State v. White, 52 Mo. App. 285. After the attempt to impeach the defendant by his statement to State's witnesses, it was then competent for him to show his prior consistent statements and the court erred in refusing to permit him to do so. State v. Grant, 79 Mo. 113; State to use v. Farrel, 6 Mo. App. 581; State v. Hatfield, 72 Mo. 518; State v. Welehon, 102 Mo. 17. (8) And where it is sought to discredit defendant by contradictory statements, he may be sustained in his direct evidence by showing that he made to another person statements in harmony with those made by him on his direct examination. State v. Sharp, 183 Mo. 715. He was entitled to show his own declarations to his wife, his mother, Wilbur Hoag, and others to the same effect.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State.

(1) At common law where there was no penetration and the crime of rape was not therefore committed, the accused might still be guilty of an assault with intent to rape, and this at common law constitutes a misdemeanor. Rookey v. State, 70 Conn. 104; Mahoney v. People, 43 Mich. 39; State v. Peak, 130 N. C. 711; Lights v. State, 21 Tex. App. 308; Stout v. Com., 11 S. & R. (Pa.) 177. Under the Missouri statute, assault with intent to rape is made a felony. R. S. 1909, secs. 4481 and 4482. The elements of the offense contain all the elements of assault. Miles v. State, 93 Ga. 117; State v. McDevitt, 69 Ia. 549; State v. Smith, 80 Mo. 516; State v. Shroyer, 104 Mo. 441. (2) The intent with which the assault is committed must be the specific intent to rape. State v. Dalton, 106 Mo. 463; State v. Whitsett, 111 Mo. 202; State v. Scholl, 130 Mo. 396; Reg. v. Wright, 4 F. & F. 967. The intent is to be determined from the circumstances surrounding the transaction. It may be implied from the conduct of the accused, and is for the determination of the jury. The evidence must show the intent of the accused beyond a reasonable doubt. Bill v. State, 5 Humph. (Tenn.) 155; People v. Johnson, 131 Cal. 511; State v. McCune, 16 Utah 170. The appellate court should not reverse the finding of the jury as to the existence of an intent to rape. State v. Prather, 136 Mo. 20; State v. Edie, 147 Mo. 535; State v. Alcorn, 137 Mo. 121; Reynolds v. People, 41 How. Pr. (N. Y.) 179; State v. Sullivan, 68 Vt. 540; State v. Kendall, 59 Kan. 238. Yet the appellate courts have reversed convictions on the ground that the evidence was insufficient to prove such intent. State v. Owsley, 102 Mo. 678; Skinner v. State, 28 Neb. 814; Jacques v. People, 66 Ill. 84; State v. Biggs, 93 Ia. 125; State v. Chapman, 88 Ia. 254; Green v. State, 67 Miss. 356;

Blanett v. State, 4 Ohio Cr. Dec. 32; Moore v. State, 79 Wis. 546. (3) Instruction 6 described the word assault as used in all of the instructions of the court, as "any unlawful physical force, partly or fully put in motion, creating a reasonable apprehension of immediate physical injury to a human being." This instruction was properly refused. This was not such a definition of the word assault as should be applied in a cause of this kind. The word assault in connection with this crime must be considered in the light of all the evidence. It is true that an attempt to commit rape in some jurisdictions is distinct from an assault with intent to rape, as in the latter offense the element of assault is essential to its consummation. Reg. v. Martin, 9 C. & P. 213; Lewis v. State, 35 Ala. 380; People v. Gardner, 98 Cal. 127; Givens v. Com., 29 Gratt. (Va.) 830; 23 Am. and Eng. Ency. Law, p. 686. (4) The evidence was sufficient to sustain the verdict. The prosecutrix stated that the appellant had placed his hand under her dress, and that when he saw John Dempsey approaching, he refrained from the further attempt of committing his purpose. Furthermore, his statements made to Roblett and the sheriff indicated that the prosecutrix had told the truth. State v. Underwood, 49 La. Ann. 1549; State v. Alcorn, 137 Mo. 121.

BROWN, J.—Defendant is charged by indictment with violating section 4482, Revised Statutes 1909, by feloniously attempting to rape and carnally know one Jessie Pearl Sears, a female child of the age of thirteen years.

The defendant and prosecutrix reside in Union township in Cass county, Missouri. The defendant is a married man, a photographer by occupation, and resides with his father on a farm in a house located only a few hundred feet from a church. At the time of the

alleged crime he was employed to, or had voluntarily assumed the duty of building fires in this church, for the accommodation of patrons of a Sunday school taught therein. The evidence of the prosecutrix recites that she was thirteen years old in September, 1909, and resided with her father and mother on a farm about one mile south of the church above mentioned. That twenty minutes before the hour of ten o'clock in the forenoon of February 27, 1910, she left her home and walked to the church to attend Sunday school. On entering the church she found the defendant there alone, and asked him if he had completed some pictures which he had taken of her a few days before. He replied that he had not, but handed her some other pictures to examine; and while she was sitting on a bench in front of the stove looking at these pictures, he sat down by her and putting one of his hands up under her dress, placed it on her sexual organ and with the other hand tapped her under the chin. She tried to push his hand out from under her dress, but he refused to remove it until he looked out of the window of the church and saw only a few yards distant one John Dempsey, a small boy, approaching; then he went away and let her alone, informing her that he would not tell anybody and that he would make her a postal card and it would be all right. Within a few minutes after this occurrence the pupils and teachers of the Sunday school assembled at the church. Mrs. Addie Laughlin, who taught the prosecutrix her Sunday school lesson, testified that the usual disposition of posecutrix was to be cheerful and pleasant, but on that day she seemed to be restless, worried and mad. After the Sunday school was dismissed the prosecutrix went home, and about four o'clock in the afternoon of that day informed her mother of the defendant's conduct; and when her father learned it, he caused the defendant's arrest.

Sheriff Sid J. Hamilton took with him one Walter Welborn, and arrested the defendant on the first day of March, 1910. While they were taking defendant to his home preparatory to removing him to the county seat, one of them told him that he regretted the affair on account of defendant's wife, whereupon the defendant replied that he hated it too, "but that sometimes a man's passion would get the best of him." After giving bond and returning home, one Frank Roblett asked the defendant what he had been arrested for, and he replied, "I am charged with assault with intent to rape, but I haven't killed anybody, and they can't put a man in the penitentiary for feeling a girl's ————." Roblett seemed to have a very unfriendly feeling toward defendant.

The testimony of defendant was that when the prosecutrix came into the church and asked him about the pictures, he told her that he had not yet made her pictures, but laid several others in her lap for her to examine, and that when he picked them up out of her lap he patted her on the chin and told her he would make her a postal card, but denied placing his hand under her dress, and denied all efforts and intent on his part to have sexual intercourse with her. He claimed that both he and the prosecutrix saw the small boy, John Dempsey, approaching the church before he began showing her the pictures, and it then being the hour when the patrons of the Sunday school should assemble, they were expecting parties to come in every minute. It was also shown that from the windows of the church anyone approaching from the south could have been seen about three hundred yards. The Dempsey boy came from that direction and it was clearly possible that defendant and prosecutrix could have seen this boy approaching before defendant committed the alleged assault. Defendant denied the alleged statements testified to by witnesses Hamilton and Wel-

born who arrested him, saying he was sure he did not use the word "passion" in the sense they gave it in their evidence, and also denied the alleged admission testified to by Roblett. He also proved by a large number of witnesses that his reputation for truth and morality, up to the time of his arrest, was good. The evidence of previous good character could not have been stronger.

The defendant assigns as error the action of the trial court in permitting the State to propound improper questions to his character witnesses; in excluding evidence of statements made by defendant to his wife after his arrest; in refusing to sustain a demurrer to the evidence; and also in failing to instruct the jury on the law of common assault.

## OPINION.

The defendant did not object to the alleged improper questions propounded to his character witnesses in the trial court, and that point is not open to him here. The court committed no error in refusing to allow defendant to testify to statements made by him to his wife.

As to whether or not the evidence was sufficient to justify the court in submitting to the jury an instruction authorizing a conviction for assault with intent to then and there have carnal knowledge of the prosecutrix, we find that under the admitted facts, the assault if committed, was committed in the church at the very time when defendant knew that many persons were likely to arrive and did arrive within a few minutes, and that the defendant could have had little or no hope that he could commit the crime without being detected in the act, yet notwithstanding these facts we cannot hold that the court erred in refusing to sustain a demurrer to the evidence. These attendant circumstances, coupled with the defendant's prior

good reputation, would render it somewhat improbable that he would undertake the commission of such a heinous crime at the time detailed by the prosecutrix; yet our reported cases contain many examples of attempts to commit rape under circumstances which rendered detection practically a certainty. [State v. Shroyer, 104 Mo. 443; State v. Smith, 80 Mo. 516; State v. Alcorn, 137 Mo. 121.] It is a matter of common knowledge that some persons will incur greater risks to gratify their lustful desires than to attain any other end.

We have read the record most diligently and can discover no indication of any reason or motive for the prosecutrix or her father preferring a false charge against the defendant, and we are convinced that while the defendant and the prosecutrix were alone he took improper liberties with her. It was for the jury to say whether or not she told the truth, and if so, how far he would have gone with his caressing or improper advances had not the small boy, John Dempsey, appeared on the scene.

The complaint of the defendant that the trial court erred in failing to give the jury an instruction on the law of common assault seems to us to be well taken. The crime of common assault is necessarily embraced in the charge of felonious assault. [R. S. 1909, sec. 4904.] While the evidence does not disclose an assault in the ordinary meaning of that word, yet the placing of his hand under the dress of the prosecutrix in a lascivious manner, if he did so, though he entertained no intent to have sexual intercourse with her at that particular time, was, under the law, an assault more culpable than a blow delivered in anger. [State v. White, 52 Mo. App. 285; State v. Fulkerson, 97 Mo. App. 599; Goodrum v. State, 60 Ga. 509.]

If the jury believed the evidence of prosecutrix and yet, from the surrounding circumstances, did not

believe defendant intended to have sexual intercourse with her at the particular time when she testified that he placed his hand under her clothes, then clearly they would have been justified in finding him guilty of common assault. When as in the case at bar the evidence shows that a defendant may not be guilty of the offense charged but may be guilty of an offense necessarily embraced in the charge, it becomes the duty of the trial court to instruct the jury upon such minor offense whether it be requested to do so or not. [R. S. 1909, sec. 5231; State v. Palmer, 88 Mo. 568; State v. Lackey, 230 Mo. 707.]

For the error of the trial court in failing to instruct the jury on the law of common assault, as applicable to the evidence in this case, its judgment is reversed and the cause remanded for a new trial. *Kennish, P. J.*, and *Ferriss, J.*, concur.