B. W. DUNNING V. STATE

No. 25448. November 14, 1951.

Hon. Arthur Tipps, Judge Presiding.

C. K. *Walsh* and *Guy H. McNeely*, Wichita Falls, for appellant.

J. W. *McCormick, Jr.*, County Attorney, and *Jimmy Castledine*, Assistant County Attorney, Wichita Falls, and *George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appellant, an adult male, was charged and convicted for an aggravated assault on a female person and fined $100.00 with sixty days in jail.

The appeal is predicated upon two complaints, the first being that the evidence is insufficient to sustain the conviction. The prosecutrix testified that she met the appellant while she was walking along an unpaved street in the city of Wichita Falls. He inquired for a certain street. She directed him to turn back and go a certain distance to it. She said that was about 11:15 or 11:20 in the morning. She proceeded to the home of a friend who corroborated her statement as to the time of day and gave as her reason for doing so that her youngest child had just returned to his school from his lunch.

Appellant denied the charge against him, recounted his steps for the day and placed himself at a shop operated by him and his partner, on a highway several miles distant. He had called at the shop, gone a short distance to look for his partner and then returned to meet him at the shop at 11:18. The partner testified that he looked at his watch and that they met at 11:20. The court refused to give a charge on alibi which was requested and in this we think he committed error requiring a reversal of the case.

On the question of the sufficiency of the evidence, this court has spoken very definitely in Kiersey v. State, 22 S. W. 37. This case is annotated in 12 A.L.R. 2d at page 971, asserting: "The courts almost invariably recognize and follow the general rule that words alone do not constitute an assault. Where the words consist of an indecent proposal to a woman, however, the courts vary considerably in regard to the added factors needed to make out a case of assault."

From Paragraph 2, on page 972, we quote: "In accord with the general rule that mere words alone will not constitute an assault, but that there must be some overt act in apparent execution of a threat or verbal abuse, it has been held or recognized in the following cases that an indecent proposal to a woman, by itself, is not sufficient to constitute an assault: * * *." Citing Davis v. Richardson (Ark.) 89 S.W. 318; Clack v. Thomason (Ga.) 195 S.E. 218; Reed v. Maley (Ky.) 74 S.W. 1079; State v. White, 52 Mo. App. 285; Prince v. Ridge, 66 NYS 454;

Kiersey v. State, 22 S.W. 37; Loid v. State, 55 Tex. Cr. R. 403, 116 S.W. 807; Pittcock v. State, 73 Tex. Cr. 1, 163 S.W. 971.

Appellant in the instant case is alleged to have made an indecent proposal to prosecutrix, which the state argues constituted a threat. We do not so consider it. He backed his car along by the side of prosecutrix, stuck his head out the window and talked to her, and when she walked away he drove off. The prosecuting witness was very much frightened and upset but had presence of mind sufficient to take the number of his car which led to the arrest of appellant. Her identification was sufficient to satisfy the jury, but it is our conclusion that the statement made by him is not sufficient to support the conviction.

The judgment of the trial court is reversed and the cause is remanded.