STATE of Missouri, Respondent,

v.

Lonnie W. LEIGH, Appellant.

No. 55678.

Supreme Court of Missouri,
Division No. 2.

May 10, 1971.

John C. Danforth, Atty. Gen., J. Michael Jarrard, Asst. Atty. Gen., Jefferson City, for respondent.

Richard C. Thomas, Bear, Hines & Thomas, Columbia, for appellant (appointed).

Lonnie Leigh, appellant, pro se.

BARRETT, Commissioner.

Lonnie W. Leigh, serving a sentence for ravishing a child of eleven (State v. Leigh, Mo., 423 S.W.2d 690), has been found guilty of forcible sodomy upon another prison inmate. A jury was unable to agree on the punishment and the court sentenced him to four years' imprisonment.

In brief the circumstances were that on May 21, 1969, Merrill Roland, age 23 and serving four years' imprisonment for burglary and stealing, was an inmate of the Missouri Training Center for Men at Moberly. About 9:30 in the evening as he traveled down the catwalk past cell 222 someone unknown to Roland pushed him into the cell and, as the jury could and did find, Leigh forcibly and successfully committed an act of sodomy upon him. The defendant admits Roland's presence but claims that he was eavesdropping a card game in Leigh's cell, that someone in the

game jumped up and grabbed him and "everybody run out." Leigh says that Roland owed him $10.00 (in cigarettes—the currency of the institution) for a $5.00 debt he, Leigh, had purchased from another inmate, plus $5.00 interest and was there to explain that he could not pay on the due date. He denied knowledge of any custom of purchasing debts to enforce homosexual submissions and denied that he ravished Roland. By several inmates Leigh proved that his reputation in the prison "population" was that of "a straight" while Roland was called "Mary" and had the reputation of being a "punk" or a "passive" (sic for "pathic"), a "male whore." The circumstances need not be further detailed, it is sufficient to say that upon this state of the record, Roland's positive testimony with some medical and other corroboration the jury's verdict and finding is supported (in fact, appellant makes no claim to the contrary). RSMo 1969, §§ 546.330, 563.230, V.A.M.S.

■ Despite the fact that appellant is represented by diligent court-appointed counsel he has filed a motion to "strike entire brief" of his lawyer for the assigned reason that "it is totally frivolous in its entire," fails to show the prejudice of the trial judge and "(t)he grounds he raises has no merit and the one ground that he raises which has merits (IV) he cites no law, nothing." At the same time appellant has filed what he has designated as a pro se brief which he tenders in lieu of counsel's brief. The proffered document consists of six numbered paragraphs which purport to raise the great constitutional issues: for example, citing lists of cases from the Supreme Court of the United States, "The trial court erred by not holding a hearing to suppress the suggestive pretrial identification on the grounds that it violated appellant's 14th Amendment rights." The proffered brief and its reliance on the recent landmark cases displays a woeful lack of knowledge of the law and the points and cases have no relevance to the record and appeal. Consequently, his motions to

dismiss counsel and to strike counsel's brief are overruled. As indicated, once the evidence adduced by the state is accepted, there was in point of fact no defense to the charge and but little the greatest of lawyers could do to bring about an acquittal.

■ Nevertheless appellant's lawyer contends that he is entitled to a new trial because the court failed as a part of the law of the case to instruct and submit common assault. It is not necessary to explore this subject at length, as indicated, the proof shows a consummated offense of forcible sodomy. In these circumstances the test of whether an instruction on common assault is demanded is whether "the evidence shows that a defendant may not be guilty of the offense charged, but may be guilty of an offense necessarily embraced in the charge"—if so, the instruction must be given as a part of the law of the case. State v. Hoag, 232 Mo. 308, 317, 134 S.W. 509, 510. The principle and its application is illustrated in State v. King, 342 Mo. 975, 119 S.W.2d 277, a rape case. But here under the state's proof there was no place for a common assault instruction even though the forcible ravishment necessarily included an unpermitted bodily contact and a simple assault. State v. Chandler, Mo., 314 S.W.2d 897, 901; State v. Mason, 322 Mo. 194, 14 S.W.2d 611, 614–615; State v. Gray, Mo., 423 S.W.2d 776.

■ The court gave the conventional instruction on the credibility of the witnesses but appellant's counsel urges that in this connection the court erred in not including a charge on "false in one thing, false in all." Webster's Unabridged Dictionary, 2d Ed., p. 915. Such an instruction is neither necessary nor proper upon a mere conflict in testimony, the situation here, and even so the giving of the instruction "is left to the discretion of the trial court, unless it be shown that the defendant was prejudiced by the failure to give it." State v. Hayes, Mo., 262 S.W. 1034, 1037; State v. Lee, Mo., 404 S.W.2d 740. There may have been some factual basis for the instruction but

it is not demonstrated that appellant was prejudiced or that the court abused its discretion by its mere failure to include the charge. State v. Abbott, Mo., 245 S.W.2d 876.

■ In a similar connection appellant's lawyer urges that the fourth paragraph of Instruction S–2 was prejudicially erroneous, particularly the "reasonable doubt" part and especially the use of the language that "but a doubt to authorize an acquittal on that ground ought to be a substantial doubt." Counsel contends here for a change to a dictionary definition of "substantial" but concedes that a change in Missouri law would be required. But the instruction given has been approved on several occasions, the same attacks made here have been urged heretofore and this particular case does not suggest a compelling reason to now change the rule. State v. Edwards, Mo., 435 S.W.2d 1; State v. Mooring, Mo., 445 S.W.2d 303.

■ A final point made throughout is that appellant was unfairly denied the presence of one of his witnesses, penitentiary inmate Clinton Hawkins. As indicated, several witnesses from the penitentiary in Jefferson City, and some from the Moberly institution were returned to Randolph County for this trial. One of the subpoenaed and requested witnesses was Hawkins. The state announced that he was ill and the prison physician thought it inadvisable for him to appear. Leigh gave testimony on the hearing of the motion for new trial to the effect that the witness was not ill. But the only connection of this witness was with a statement Roland gave, procured by Hawkins or witnessed by Hawkins and another witness who did testify in which Roland recanted saying "that I was assaulted, still stands. But, I made a mistake in identifying Lonnie Leigh." Roland admits that he signed the statement but on trial repudiated it as coerced through fear of reprisal by the prison "population" for "ratting" on another prisoner. Roland's admission that he signed the statement and his subsequent repudiation in no way involved or concerned anything Hawkins had to do with the statement and thus it plainly appears that he was not prejudiced in not having Hawkins present as a witness.

For all these reasons the trial court did not err in overruling the appellant's motion for a new trial and the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

MORGAN and FINCH, JJ., concur.

DONNELLY, P. J., concurs in separate concurring opinion filed.

DONNELLY, Presiding Judge (concurring).

I concur in the principal opinion but desire to comment briefly on the problem raised by appellant's motion to strike the brief of his lawyer and the tender of his *pro se* brief.

I recognize there may be isolated instances when an appellate court, in its discretion, will allow an appellant to expressly waive counsel on appeal and proceed to consider the case on the basis of appellant's *pro se* brief and the brief of respondent. Cf. Gregg v. State, Mo., 446 S.W.2d 630. However, I do not believe an appellant should be permitted to file a *pro se* brief in cases wherein his counsel is required to adequately brief the case on appeal.

In State v. Gates, Mo., 466 S.W.2d 681 (decided May 10, 1971), we announced that this Court will insist that counsel for appellants prepare and file briefs on appeal which we consider adequate. In view of this requirement, I would not permit the filing of *pro se* briefs prepared by appellants or their fellow inmates.