**STATE of Missouri, Respondent,**

v.

**Nathaniel SHABAZZ, a/k/a Nathan Taylor, Appellant.**

**No. 56122.**

Supreme Court of Missouri, Division No. 1.

June 14, 1971.

**910**

J. Arnot Hill, Kansas City, for appellant.

John C. Danforth, Atty. Gen., J. Michael Jarrard, Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

Appeal from 25-year sentence upon jury verdict of guilty to a charge of robbery, first degree.

Appellant's first point relates to a ruling on his objection to argument by the prosecutor. Because the argument adequately (with additions noted parenthetically) supplies the facts and also shows the context out of which the objection arose, we set it out practically in full:

"The State's evidence, you will recall, was that on the 9th day of December, 1969, (at about 11:20 A.M.) Mr. Hal A. Reed, Jr., was leaving the apartment building at 3311 Virginia when he was accosted by the defendant and another gentleman and one of these men was carrying a shotgun and the other man was bearing a small caliber revolver. These two men told him to turn around and get back in the building. One of them went through his pockets and took his billfold (containing cash and credit cards, including one from Sears) and his watch, and they then left the scene. Mr. Reed testified that he was able to get a good look at these men and he would remember them if he saw them again, and in court here he pointed to the defendant as being the person—as being one of the persons that robbed him.

"You will remember the testimony of Mr. John Brands was that the following day after this robbery, at about 6:30 in the evening the defendant, Nathaniel Shabazz or Nathan Taylor, and another gentleman entered the Sears Store at 1500 Cleveland and asked to see some television sets. And Mr. Shabazz decided to purchase a particular TV and produced a credit card bearing the name of Mr. Hal A. Reed. Jr. (Appellant was arrested before he left the store.) This testimony as to this occurrence you will remember in this trial has been uncontradicted; there has been nothing offered by the defense relating to this aspect of the case.

"You will remember that Detective Wilson also testified in this case as a defense witness, and that he testified that Mr. Reed gave him a description which he wrote down, and that they then showed Mr. Reed some pictures, out of which he identified the picture of another person, and that he

attended a lineup the following day and at that time he gave a positive identification on this defendant Nathaniel Shabazz.

"Now you had an opportunity to observe Mr. Reed and you saw the way he was and you heard what he had to say, and I ask you, did he have any reason to lie? He had nothing to gain from this trial, it is obvious.

"Now I think the main factors that we need to consider here, the main issue in this case, is was the defendant the person who was present at 3311 Virginia on that morning and held up the defendant (sic), and the only evidence contradicting this that has been offered is two witnesses for the defense who say, 'No, he was not there, he was at the El Sudan Clothing Store, of which he was the owner, and where he arrived at 9:00 o'clock that morning and worked all that day. One witness testified that he arrived at 9:00 o'clock and she remembered that he worked clear through till 12:30 when she went to lunch. At the same time, however, this witness also testified that she did not remember when the El Sudan Clothing Store burned, and she was there for a short period of time, and she also said she did not want to see anybody convicted of a crime.

"The other witness for the defense, alibi witness, was Mrs. Jo Marva Taylor, the wife of the defendant. And obviously she doesn't want to see her husband convicted.

"At this time I would like to read to you briefly from the Court's Instruction No. 2, which was just given to you. It says, (credibility instruction read).

\*   \*   \*   \*   \*   \*

"You don't have to believe anybody that takes this stand. You don't have to believe Mr. Reed, you don't have to believe the defendant, you don't have to believe Mr. Brands, you don't have to believe anybody. You are the sole judges of this. I want to ask you who do you believe, though. Who has the reason for telling the truth here and who has the reason for lying?

"I can't over-emphasize, and I think it is obvious to you, the importance of the fact that no testimony at all was offered by the defendant in connection with the fact that the following day—

"MR. HILL: If it please the Court, I want to object to this line of argument.

"(WHEREUPON, the following proceedings were had and entered of record in the presence but OUT OF THE HEARING OF THE JURY:)

"MR. HILL: I want to object to this line of argument as being a comment by implication on the failure of the defendant to take the stand, and I ask that the jury be discharged.

"THE COURT: Overruled.

"Counsel. Counsel.

"MR. SMART: Yes, Your Honor.

"THE COURT: I would be very careful. You are awful close to the edge there.

"MR. SMART: Yes, sir.

"(WHEREUPON, the following further proceedings were had and entered of record IN THE PRESENCE AND HEARING OF THE JURY:)

"MR. SMART: The following day the defendant had—the State showed that the following day the defendant had in his possession a credit card which Mr. Reed testified was taken from him the day before.

"THE COURT: You have consumed seven minutes, Counsel.

"MR. SMART: Taking all these facts and circumstances into your consideration, plus the fact that Mr. Reed said he was positive that this was the man who held him up, there was no doubt in his mind, I urge you to give thoughtful consideration to whether or not you feel the defendant is guilty. Who do you believe? Do you believe the defendant? Or do you believe the other witnesses?"

■ Appellant argues that the argument to which he objected was a comment upon the fail˞re of appellant to testify, in violation of his rights under the Fifth and Fourteenth Amendments to the Constitution of the United States and in violation of § 546.270, RSMo 1969, V.A.M.S., Supreme Court Rule 26.08, V.A.M.R.

The argument here objected to is not appreciably different from that which has been held in Missouri cases not to amount to a direct reference to the failure of the accused to testify. See State v. Hodge, Mo.Sup., 399 S.W.2d 65, 67–68 [4], [5]; State v. Thompson, Mo.Sup., 425 S.W.2d 80, 85 [8], [9]; State v. Morgan, Mo.Sup., 444 S.W.2d 490, 492–493. The fact that some evidence was offered by the defendant does not place the remarks here in a different perspective. The state's evidence that appellant was accompanied by a man when he made the purchase at Sears deprives the remark of the thrust of the argument found objectionable in State v. Shuls, 329 Mo. 245, 44 S.W.2d 94, relied upon by appellant. This argument did not violate federally protected rights against self-incrimination. State v. Hutchinson, Mo.Sup., 458 S.W.2d 553.

■ Appellant's other point on this appeal is.that the evidence of the use of Reed's credit card in the attempted purchase at Sears involved a separate offense and deprived appellant of the right to be tried only for the crime with which he was charged. Appellant argues that the Sears clerk could have testified that the credit card was in appellant's possession without adducing the further evidence that appellant attempted to make use of the credit card and thereby committed another offense. Appellant acknowledges that evidence of defendant's commission of a separate offense from that upon which he is tried is admissibile if it is "logically pertinent" in the·proof of a material fact in issue. State v. Holbert, Mo.Sup., 416 S.W.2d 129, 132 [2–6]; State v. Summers, Mo.Sup., 362 S.W.2d 537, 542 [10, 11]. Appellant's possession of an item taken in the recent robbery had probative value to prove that defendant was one of the robbers. 46 Am.Jur., Robbery, § 48, p. 160. See State v. Gyngard, Mo.Sup., 333 S.W.2d 73, 79 [10]. However, the state was not limited, as appellant contends, to proof of the bare fact of appellant's possession of the credit card at the Sears store. The circumstances surrounding such possession, including the attempted use of the credit card, revealed a knowing possession and the state was entitled to introduce such evidence. It was logically pertinent and not required to be excluded because it incidentally showed the commission of another offense. State v. Slay, Mo.Sup., 406 S.W.2d 575, 579–580 [5, 6].

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.