**Nathaniel SHABAZZ, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 26807.**

Missouri Court of Appeals, Kansas City District.

Feb. 4, 1974.

Willard B. Bunch, Public Defender, Paul R. Katz, Asst. Public Defender, Sixteenth Judicial Circuit, Kansas City, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

PER CURIAM:

On his motion under Rule 27.26, V.A.M. R., to set aside a conviction of robbery in the first degree, and a sentence of 25 years therefor, appellant here asserts only one point of ineffective assistance of counsel in these respects: "(a) Counsel failed to challenge jurors on voir dire as to their potential bias against blacks; (b) failed to investigate and adequately prepare for trial; [and] (c) failed to file any pre-trial motions to suppress the lineup identification of defendant." Appellant's conviction was affirmed on appeal. State v. Shabazz, 467 S.W.2d 909 (Mo.1970).

Although it is error for a trial court to refuse to permit interrogation of a jury panel on the issue of racial bias, cf. Ham v. South Carolina, 409 U.S. 524, 93 S.Ct. 848, 35 L.Ed.2d 46 (1973); United

States v. Booker, 480 F.2d 1310 (7th Cir. 1973), it is not a basis for a finding of ineffective assistance of counsel where there are *no* questions asked on the issue. This for the reason that it may have been the result of trial strategy. State v. Franklin, 379 S.W.2d 526, 528 [6, 7] (Mo.1964), and see Wilson v. United States, 398 F.2d 331, 332[1] (5th Cir. 1968), wherein it was remarked that the contention that the conviction was in violation of the Sixth Amendment "because 'defense counsel failed to make a voir dire examination of panel of jurors,'" was easily disposed of as the record showed (as does the testimony of appellant's counsel here) that the counsel performed his duties with zeal and ability. Here, counsel testified that he asked the jury panel questions about their general background and feelings, but he did not ask them if they were prejudiced against blacks; he was satisfied with the information he elicited from the jurors, and that the jury was as good as could be obtained. Appellant was with counsel when the peremptory strikes were made, and thus had the opportunity to complain about the absence of blacks (except one person) from the panel, or as to its potential for bias. There is no showing here of actual prejudice to appellant by reason of the omission to question the panel as to the possibility of racial bias.

 The record shows that appellant's counsel, who had a vast amount of knowledge of criminal cases, had been appointed to represent him. He met with appellant and attempted to investigate the case. He learned that the state had evidence as to the identification of appellant from the complaining witness, and that a credit card taken from the witness had been used by appellant. Appellant was informed by counsel of this evidence. Counsel cross-examined the complaining witness at trial as to discrepancies in his identification testimony. He filed no motion to suppress the identification evidence because of his understanding of the difficulty in getting the motion sustained, and because he felt it was a better trial tactic to raise the matter of an unfair lineup in final argument. Counsel thought (with some substance) that the evidence of the credit card, which card appellant thought should have been located, would have been damning. Evidence to support appellant's defense of alibi was presented. A review of the entire record here shows that all of appellant's contentions as to his counsel being ineffective to be without merit, and the court's findings and conclusions are not clearly erroneous. Crosswhite v. State, 426 S.W.2d 67 (Mo.1968).

The judgment is affirmed.