**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Gary Allen HILL, Defendant-Appellant.**

**No. 35712.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 4, 1975.

Charles D. Kitchin, Public Defender, Thomas J. Prebil, David V. Uthoff, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Donald R. Bird, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Thomas C. Muldoon, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Judge.

From a guilty verdict of stealing $50.00 or over and a sentence of five years, defendant has appealed contending that there was insufficient evidence to support the verdict.

Briefly, the facts are that a police officer responded to an alarm during the early hours of February 1, 1973. When he came up to the intersection of an alley with the street upon which a store fronted, he observed a man about a foot away from the broken window of the store with numerous articles of clothing in his arms. After this individual was apprehended, two other officers who responded to the call arrived at the scene and continued on up a nearby street. They observed a mannequin in the gutter and when they turned on the bright lights of their car observed an individual identified as the defendant alighting from an automobile with an armload of clothing with yellow tags. This person turned, noticed the police, and ran into a house. The officers gave chase into the house. The first officer who entered the house in pursuit kept the man in view and observed him going directly into a bedroom. They pursued him into a bathroom which opened into this same bedroom and there arrested him. The only other persons they saw in the house were a woman and some children. The items of clothing with the yellow tags were lying on the couch inside the house and additional merchandise was recovered from behind the couch. A pair of pants in the front seat of the automobile was also recovered. This group of clothing was identified by the manager of the store who testified that it was merchandise from the store and the cost of this group of clothing totaled $152.76.

Defendant contends that the evidence was circumstantial and was insufficient to warrant conviction. The test for sufficiency of circumstantial evidence is whether the facts and circumstances relied upon by the state are consistent with each other and with the hypothesis of defendant's guilt, and are inconsistent and irreconcilable with his innocence, and point so clearly and satisfactorily to his guilt as to exclude every reasonable hypothesis of innocence. State v. Sallee, 436 S.W.2d 246, 249[1] (Mo.1969). Here, the facts and circumstances met that test and the jury had substantial evidence upon which it based its verdict. State v. Kennedy, 396 S.W.2d 595 (Mo.1965). The unexplained possession of recently stolen property is sufficient to sustain a conviction of stealing that property. State v. Armstrong, 445 S.W.2d 367, 368[1] (Mo.1969).

As to the contention that there was no proof to support the submission of stealing property over $50.00, the manager of the store testified that he made a cost inventory of the two groups of clothing recovered. The clothing recovered by the police who apprehended defendant totaled $152.76. If the value of the property stolen is at least $50.00, the imprisonment in the penitentiary for five years meted out to defendant is within the limits set out in § 560.161, RSMo 1969, V.A.M.S.

The judgment is affirmed.

DOWD, C. J., and CLEMENS and RENDLEN, JJ., concur.