**STATE of Missouri, Respondent,**

v.

**James STURGELL, Appellant.**

**No. 36615.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Dec. 2, 1975.

Charles D. Kitchin, Public Defender, Kent Fanning, Asst. Public Defender, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., James F. Booth, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Defendant appeals from a conviction of stealing a motor vehicle. (§§ 560.156 and 560.161, RSMo 1969). A jury found him guilty and the court sentenced him to five years' imprisonment.

On the evening of April 30, 1974 defendant was found tampering inside Garry Smith's 1961 Chevrolet. When confronted, defendant announced an interest in buying the automobile. Later, Smith parked his car in front of his girl friend's house. Shortly after midnight, a witness saw defendant tampering with the car and when she called for him to get out of the car he drove off in it. The car was soon abandoned.

Police recovered the Smith car in a few hours but there was no evidence about the circumstances of its abandonment or recovery. Defendant did not testify, but offered one alibi witness.

Defendant contends the State failed to establish his intention to permanently deprive Smith of the car's possession. The test for determining the sufficiency of circumstantial evidence is whether the circum-

stances relied on by the State are consistent with each other and with a theory of guilt and are inconsistent with the defendant's innocence. *State v. Hill,* 519 S.W.2d 326[1] (Mo.App.1975) and *State v. Sallee,* 436 S.W.2d 246[1] (Mo.1969). Defendant contends that because the car was abandoned soon after its asportation, an inference exists that he intended only temporary deprivation. The State's case, as defendant sees it, is devoid of evidence showing the necessary intent to steal.

█ Defendant showed an unusual interest in Smith's automobile by returning to the car after first being seen tampering with it. This persistent interest in the car was inconsistent with defendant's theory (argued but not in evidence) that defendant was casually seeking available transportation or intending a mere temporary deprivation. Furthermore, the manner of the car's taking infers an intent to steal it. The taking at such a late hour suggests more than an intent to test drive the automobile. Defendant broke into the car at night, breaking its distributor cap to allow the "hot wiring" of the car. In this condition it was readied for theft. While this wilful damaging of the car does not by itself satisfy the State's burden to prove an intent to steal, considered with the evidence of defendant's peculiar interest in the car and his driving it off, we find the evidence sufficiently supports the jury's verdict of stealing. The jury was properly instructed on the necessity of finding defendant intended to permanently deprive the owner of his property, and by its verdict did so find. We hold the verdict was supported by the evidence.

█ Defendant's other point on appeal challenges the trial court's failure to submit a § 560.175 tampering instruction. Defendant offered no such instruction and failed to raise this point in his brief. However, Rule 26.02(6) required the trial court to instruct on all necessary questions of law. Where the evidence supports an asserted defense, or lesser included offense, failure to instruct thereon would be plain error under Rule 27.20(c). *State v. Haygood,* 411 S.W.2d 230 (Mo.Sup.1967); *State v. Randolph,* 496 S.W.2d 257[4] (Mo.1973).

We consider defendant's point under that rule. Defendant's argument is based on his premise that the State failed to prove his intent to steal and he was therefore entitled to an instruction on tampering, which the State did prove. Since we have ruled against the premise considering intent, the defendant's argued conclusion falls.

█ We deny defendant's point on another ground. The test of whether an instruction on a lesser, included offense is required is whether "the evidence shows that a defendant may not be guilty of the offense charged (stealing), but may be guilty of an offense (tampering) necessarily embraced in the charge." *State v. Leigh,* 466 S.W.2d 685[2] (Mo.1971). "Before instructions on the included or lesser offenses are compelled, however, there must be evidentiary support for such offenses." *State v. Washington,* 357 S.W.2d 92[6–8] (Mo. 1962). See also *State v. Walker,* 505 S.W.2d 119[5–8] (Mo.App.1973). We note the only defense evidence concerned an alibi, and there was no evidence in the State's case that defendant merely tampered with but did not steal the car. Had the evidence warranted a finding that defendant was guilty only of tampering he would be entitled to a separate instruction thereon. But here the tampering and theft were continuous inseparable acts: Hence, the court did not err in failing to instruct on tampering as a lesser, included defense.

Judgment affirmed.

KELLY and STEWART, JJ., concur.