STATE of Missouri, Respondent,

v.

Bernard MEEKS, Appellant.

No. 40095.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 1, 1979.

Henry J. Rieke, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Bernard Meeks guilty of armed robbery and the trial court sentenced him to fifteen years' imprisonment. Defendant contends on appeal that there was plain error in admitting into evidence the fact that he *used* a credit card stolen from the robbery victim. He contends this was evidence of an unrelated, subsequent crime. Since the evidence came in without objection and the point was not preserved in defendant's after-trial motion, defendant limits his challenge to plain error under Rule 27.20(c), VAMR.

The state's evidence was that defendant entered the victim's home by subterfuge, held him at gunpoint and ransacked the home, taking the victim's wallet containing his credit card. Defendant also took four suits, one of which he was wearing when arrested at a store the next day while in the process of making two purchases using victim's credit card. When identified at a lineup defendant told the victim to "give me a break" and promised to "get your things back."

Supported by his brother, defendant testified to an alibi. To further refute the victim's robbery testimony defendant testified to their homosexual relationship which he had terminated over the victim's threats and protestations. Defendant further testified the victim had given him the suit and permitted him to use the credit card.[1] The victim denied all this in rebuttal.

As said, defendant now contends only that there was plain error in admitting evidence of his *use* of the credit card. Defendant's *possession* of the stolen credit card was clearly admissible as corroborating evidence of the robbery. *State v. Hill*, 519 S.W.2d 326[1–3] (Mo.App.1975). Defendant does not challenge this, but contends evidence of his *use* of the credit card was irrelevant and prejudicial evidence of a subsequent crime. He relies on *State v. Reese*, 364 Mo. 1221, 274 S.W.2d 304 (1955).

In *Reese* defendant was charged with committing murder with a pistol. Over his "vehement objection" the state introduced evidence that defendant later used the same pistol in a robbery. The court reversed, holding " 'It is not proper to admit the details of separate and distinct crimes . . . .' "

In contrast, *State v. Shabazz*, 467 S.W.2d 909 (Mo.1971) is squarely in point. There, as here, the charge was robbery and the state introduced evidence that defendant had used the victim's credit card in attempting to make a purchase. Defendant acknowledged the admissibility of evidence that he *possessed* the stolen credit card but contended evidence of his attempted *use* of the card was inadmissible as being evidence of another crime. Upholding the admissibility of the challenged evidence the court held: "The circumstances surrounding such possession, including the attempted use of the credit card, revealed a knowing possession and the state was entitled to introduce such evidence. It was logically pertinent and not required to be excluded because it incidentally showed the commission of an-other offense." So it is here and we find no plain error.

Judgment affirmed.

REINHARD, P. J., and GUNN and CRIST, JJ., concur.

---

1. This testimony may explain why, as a matter of strategy, defendant at trial did not object, as he does on appeal, to the state's evidence that he had *used* the victim's credit card.