**STATE of Missouri, Respondent,**

v.

**Carl M. HINES, Appellant.**

**No. KCD 30246.**

Missouri Court of Appeals, Western District.

March 3, 1980.

Dale Reesman, Boonville, for appellant.

John Ashcroft, Atty. Gen., Mary C. P. Pincus, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P. J., and PRITCHARD and SWOFFORD, JJ.

KENNEDY, Presiding Judge.

Defendant was convicted upon jury trial of the offense of stealing a motor vehicle. He was sentenced by the court under the Second Offender Act, § 556.280, RSMo 1969, to ten years' imprisonment in the Missouri Department of Corrections.

From the judgment and sentence the defendant has appealed to this court.

The facts are as follows:

At about 7:15 o'clock in the morning of November 29, 1976, Geraldine L. Volkart had her yellow 1972 Mercury Comet automobile parked idling at the curb in front of her residence in Boonville. A black male drove the car away.

Ms. Volkart could not positively identify defendant as the thief, but described him as being in his twenties, wearing sunglasses and a "leather suede black jacket, brownish color." Ms. Volkart immediately reported the theft to the police.

At 7:58 that morning, at a point about 28 miles west of Boonville on Interstate Highway 70, defendant was arrested in Ms. Volkart's car. As defendant was being driven in the patrol car to the Saline County jail in Marshall, he volunteered to Corporal Lloyd Kerns "to the effect that he took the vehicle in Boonville and was on his way to court in Kansas City." Defendant had a tan suede jacket and a pair of sunglasses when arrested. Ms. Volkart testified the jacket was "very similar" to the one the thief was wearing.

At the jail, defendant declined to make any statement but that "someone else had stolen the car, wearing his clothing, that they then brought the car to him".

Other evidence will be recounted where pertinent to the point under discussion.

Appellant's "Points Relied On" are three, which we will take up in reverse order.

■ Defendant attacks the sufficiency of the evidence to support the verdict and judgment. The point is disallowed. The evidence of defendant's being in possession of the stolen automobile at a point 28 miles from the scene of the crime 43 minutes later; his statement to Corporal Kerns that he had taken the car at Boonville; his fitting the general description of the thief, as a black male, in his twenties, wearing a coat which was "very similar" to the coat defendant had at the time of his arrest; and defendant's subsequent implausible explanation of his possession of the stolen automobile—all combined to make a case which, if believed by the jury, entirely justified a verdict and judgment of guilty of stealing a motor vehicle.

■ Next, defendant claims the court erred in failing to suppress testimony of defendant's statement, made after his arrest and before arriving at the jail in Marshall, that he "took" the car in Boonville and was going to court in Kansas City.

Defendant testified, on the motion to suppress, that the *Miranda* advice was not read to him until after he had arrived at the jail. He cites *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The testimony of Corporal Kerns, on the other hand, was that the *Miranda* advice had been given to defendant promptly after his arrest and before he made the inculpatory statement. Officer Kerns testified also that the appellant's statement was *sua sponte* and was not in response to any interrogation by the officer. It was the court's prerogative to accept the officer's version. The court could believe that the *Miranda* warning had been given to appellant before the appellant made the incriminating statement, and that defendant's statement was volunteered. Upon those facts, defendant's statement did not offend *Miranda v. Arizona, supra,* was admissible evidence and the court correctly overruled defendant's motion to suppress the same. This point, too, is disallowed.

■ Finally, defendant contends that the court erred in failing to give an instruction hypothesizing the crime of tampering with a motor vehicle under § 560.175 RSMo 1969. He claims that tampering is a lesser-included offense of stealing a motor vehicle and should have been instructed upon.

The omission of the tampering instruction is not mentioned in the motion for a new trial, hence is not preserved for review. Supreme Court Rules 28.18 and 84.13(a). We shall examine the point to determine if the failure to give the instruction was plain error resulting in manifest injustice. Supreme Court Rule 27.20(c); *State v. Sturgell*, 530 S.W.2d 737, 739 (Mo.App.1975).

To require an instruction upon tampering, there must have been evidence that the defendant was guilty of that offense. *State v. Leigh*, 466 S.W.2d 685 (Mo.1971); *State v. Ivery*, 534 S.W.2d 107 (Mo.App. 1976); *State v. Sturgell, supra.* There is no evidence here to support the charge of tampering. The defendant's defense to the theft charge is found only in his statement made to the police after his return to the Saline County jail at Marshall, wherein he stated that someone else, dressed in defendant's clothes, had stolen the car and that he had received it from the thief. Defendant did not testify at the trial. The crime of theft of a motor vehicle with which defendant was charged took place in front of Ms. Volkart's house in Boonville, and the question was not whether it was theft or tampering; the only question was the identity of the thief. The state claimed the thief was the defendant and the defendant denied it. *State v. Leigh, supra; State v. Ivery, supra; State v. Sturgell, supra.* The court did not err in failing to give the tampering instruction.

The judgment is affirmed.

All concur.