STATE OF MISSOURI, Respondent, *v.* JAMES KELLY, Appellant.

October 28, 1884.

1. CRIMINAL LAW — ASSAULT — INTENT — INSTRUCTIONS. — In a prosecution for assault, where there is evidence that the assault was with the fist, and under which the accused might be convicted of a common assault, it is error to neglect to instruct the jury that if they believe there was no intent to kill they may acquit of the felony.

2. —— ALIBI. — In such an action, where there is substantial evidence to support the defence of *alibi*, it is error to neglect to instruct the jury with reference to this defence.

APPEAL from the St. Louis Criminal Court, VAN WAGONER, J.

*Reversed and remanded.*

MARTIN & FAUNTLEROY, for the appellant.

T. B. HARVEY, for the respondent.

THOMPSON, J., delivered the opinion of the court.

The defendant was indicted under section 1262 of the Revised Statues for an assault with intent to kill, and was

convicted and sentenced to imprisonment for six months in the county jail.

1. We must reverse this judgment, because the charge of the court did not present the law to the jury in its application to all the hypotheses of fact presented by the evidence. By section 1655 of the Revised Statutes the defendant was entitled, if the jury should believe that the assault was not made with the intent to kill, to be acquitted of the felony, and convicted of a common assault under section 1265. But the court failed to instruct the jury that they were at liberty to do this. There was no evidence that the assault was made with a weapon which was necessarily deadly in its character; and though the prosecuting witness received a very severe blow, they might well have found, had they been instructed that they might, that there was no intent to kill. No instruction of this kind was requested; but it is settled law in this state that the court is bound, in a criminal case, to instruct as to all the degrees of the crime charged of which there is any evidence tending to prove the defendant guilty. *The State* v. *Banks*, 73 Mo. 592; *The State* v. *Branstetter*, 65 Mo. 149.

2. The only defence was an *alibi*, and the testimony of four witnesses tended to make this defence good. With reference to this defence the defendant asked the court to instruct the jury that "if, from the evidence in the case, they have a reasonable doubt whether the defendant was present at the time and place of the commission of the offence charged in the indictment they should find the defendant not guilty." This instruction the court refused to give. This ruling calls up a question which has been once before the supreme court, and twice before this court. In *The State* v. *Lewis* (69 Mo. 92), the only defence, as here, was an *alibi*. The court was asked to give the following instruction: "The jury are instructed, if they have a reasonable doubt that the defendant committed the homicide alleged in the indictment, or was absent at the time said homicide

was alleged to have been committed, they will find a verdict of acquittal." This instruction the court refused to give, nor did the court in any other instruction call the attention of the jury to the defence of *alibi*, but in the instructions given language was used which had the effect of assuming that the prisoner was present; but the court, as here, gave the usual instruction on the doctrine of reasonable doubt as applicable to the whole case. It was held that it was error to refuse the instruction above set out; the supreme court taking the view that the instructions which were given upon the different degrees of homicide were calculated to mislead the jury, because they assumed that the defence of *alibi* was frivolous and unfounded. We understand the force of this decision to be: 1. That where the only defence is an *alibi* it is a sound proposition of law that the defendant ought to be acquitted if the evidence raises a reasonable doubt in the minds of the jury as to whether the prisoner was present at the doing of the act charged against him as a crime. On this proposition of law we have no doubt. *The State* v. *Herndon*, 46 Iowa, 23; *Howard* v. *The State*, 50 Ind. 190; *Walker* v. *The State*, 42 Texas 260; *The State* v. *Emory*, 12 Mo. App. 593. 2. That it is error for the court to refuse, upon request, so to instruct the jury, where the defence of *alibi* is not otherwise in the instructions brought to their attention. That was the understanding which we had of that decision when we decided the case of *The State* v. *Emory* (*supra*); and the court having in that case directed the minds of the jury to the defence of *alibi*, and given them the proper instruction as to the doctrine of reasonable doubt in its application to the guilt or innocence of the defendant as it stood upon all the evidence, we were unwilling to reverse the judgment because of the failure of the court specially to apply the doctrine of reasonable doubt to this defence, when not requested so to do. In the case of *Walker* v. *The State* (*supra*), it was held error to refuse an instruction such as was here refused where the defence was an *alibi*; but the

court, in the instructions which were given, had treated the defence as an independent affirmative defence, in the nature of a plea of confession and avoidance, which had to be made out " to the entire satisfaction of the jury." Of course this is not the law. The defence of *alibi* is not such a defence. It is merely a species of evidence tending directly and necessarily to rebut the case made by the state. It is therefore sufficient if the evidence by which it is sought to establish it raises a reasonable doubt in the minds of the jury as to whether the defendant was present at the doing of the act charged. In the case of *The State* v. *Emory* there was no such error. Touching the defence of *alibi* the court merely told the jury : " If the robbery complained of occurred, and at the time it occurred the defendant was not present at the place where it occurred, but was elsewhere, he can not be guilty, and you ought to acquit him." Here was no intimation as to the probative force of the evidence which was necessary to make out the defence of *alibi;* and the court having elsewhere given the proper instruction as to the doctrine of reasonable doubt, with reference to the main issue of the defendant's guilt or innocence, we held that we ought not to reverse the judgment for its failure to give an instruction applying the doctrine of reasonable doubt specially to that defence, it not having been asked to do so. We reaffirmed that decision in *The State* v. *Cunningham* (13 Mo. App. 576), and we are still satisfied with it.

But in the present case the court called the attention of the jury to the defence of *alibi* in the following language: " If from the evidence you *believe and find* that this defendant was not present at the time of the alleged assaulting, striking, cutting, and wounding of James M. Gray referred to in the indictment, but that he was elsewhere, at another place, then he can not under such circumstances be guilty as by the indictment he stands charged, and then in such case you should acquit the defendant." This instruction seems to embody the idea that the defence of *alibi* is a

separate substantive defence, which must be made out to the satisfaction of the jury, and that they must find affirmatively that it is true. We feel constrained to hold that this instruction presented the defence of *alibi* to the jury in such a way as to mislead them with reference to the probative force of the evidence which is sufficient to establish it, and that this error was not cured by the general instruction with reference to the doctrine of reasonable doubt in its application to the whole case. To avoid any misconstruction of our views we will say that we think it safer and better in all cases where the defence is *alibi*, and there is substantial evidence tending to support it, for the court to instruct the jury that if they have a reasonable doubt whether the defendant was present at the time and place of the fact charged, or so near thereto as to have done the same, they ought to acquit him.

For the error of failing to instruct the jury that they might acquit of a common assault, of refusing the defendant's instruction touching the doctrine of reasonable doubt in its application to the defence of *alibi*, and of instructing the jury to the effect that they must believe and find this defence to be true, we reverse the judgment and remand the cause. It is so ordered, with the concurrence of all the judges.