**STATE of Missouri, Respondent,**

v.

**John SURGEON, Appellant.**

**No. 54744.**

Supreme Court of Missouri,
Division No. 1.

July 13, 1970.

John C. Danforth, Atty. Gen., Thomas L. Patten, Asst. Atty. Gen., Jefferson City, for respondent.

Jack Gallego, Troy, for appellant.

THEODORE McMILLIAN, Special Judge.

This is an appeal from a judgment of conviction entered upon a jury verdict by the circuit court of Pike County, Missouri. The amended information charged the defendant with assault with intent to do great bodily harm with malice aforethought, in violation of § 559.180, RSMo 1959, V.A.M.S. The information additionally claimed that defendant was a second offender, under § 556.280, RSMo 1959, V.A.M.S. The jury, under the court's instructions, found him guilty of assault with intent to do great bodily harm without malice, § 559.190, RSMo 1959, V.A.M.S. Thereafter, the court fixed the punishment at the maximum of five years' imprisonment; the defendant appealed.

Defendant charges that the court erred in two respects: (1) failure to instruct on common assault; and (2) failure to make specific statutory findings of record so as to make the Second Offender Act appropriate. Better to understand the criticisms made by the defendant, a brief résumé of the evidence is set forth.

On November 26, 1967, four inmates of the Lincoln County jail at Troy, Missouri, including the defendant, were held in a common cell and had planned to escape. One, Traylor, had been allowed to leave the cell to talk to Sheriff Irl Elliott. After the conversation, as the sheriff was returning Traylor to the cell and when the cell door was unlocked, Traylor according to plan, tripped him, causing him to fall forward through the cell door. While the sheriff was down, all four prisoners set upon him; defendant struck him with either a two-foot stick or broom handle on the head or side and back; another inmate, King, broke a glass coffee jar over his head. Blinded by his own blood, the sheriff fought off his assailants and as he escaped, so, too, did his attackers. Later that night, the sheriff

was treated for multiple cuts about the head and was kept overnight at the hospital. He did not know the number of stitches he received.

Defendant admits that he struck the sheriff with the stick, and thus sets the stage for his instruction on common assault, which he tendered and the court refused. He argues that in his case, an instruction on common assault is part of the law of the case, and that the evidence showed the use of an instrumentality, a glass jar, not deadly, per se, and thus, properly a jury question. In support of his argument, he cites: State v. Lynn, Mo.App., 184 S.W.2d 760; State v. Sykes, Mo.Sup., 436 S.W.2d 32; State v. Gillette, Mo.App., 277 S.W.2d 680; State v. Patterson, Mo.Sup., 443 S.W.2d 104; State v. Mathis, Mo.Sup., 427 S.W.2d 450; State v. Tate, 12 Mo.App. 327; State v. Kelly, 16 Mo.App. 213.

■ A critical examination of defendant's authorities sheds little, if any, light upon defendant's complaints. State v. Lynn, supra, cited by defendant merely sets forth the general rule that under certain fact conditions an instruction on common assault should be given. In the Lynn case, growing out of a meretricious relationship between the victim and the defendant's wife, defendant came upon the victim, who was sitting in a car, and as the victim attempted to get out, the defendant fired a shot striking the left front fender of the car. In State v. Sykes, supra, a felony murder case, the issue was whether or not an instruction on murder in the second degree should be given. Rather than unduly lengthen this opinion, we hold, as did State v. Grimes, 29 Mo.App. 470, that the degree of the offense depends upon the intention with which the act was done, and if the evidence excludes a felonious intent, the defendant may be found guilty of common assault. Conversely, here, the evidence in the instant case shows a planned, deliberate conspiracy to escape; and pursuant to this nefarious contrivance, defendant

and his cohorts made an intentional, unprovoked, murderous attack upon a law enforcement officer who, at the time of the onslaught, was performing his official duties. No mitigating circumstances, whatsoever, were shown. Hence, there was no evidence to support a finding of common assault. State v. Keeney, Mo.Sup., 425 S.W.2d 85. In the same vein is State v. Mitchell, Mo.Sup., 276 S.W.2d 163, 165, where we said:

"It is true that the court should instruct upon all questions of law arising in the case which are necessary for the information of the jury in rendering its verdict, but it should also limit the instructions to the law applicable to evidence presented to the jury."

■ Next, the defendant complains that as the instrumentality used was a glass jar, not deadly per se, a jury issue was made as to all included lesser offenses. The evidence was undisputed that the glass jar broke when it came into contact with the sheriff's head; he was cut and required medical attention. In State v. Hacker, Mo.Sup., 214 S.W.2d 413, 415, where the victim was hit in the head with a whiskey bottle, we stated:

"A finding was warranted that the whiskey bottle constituted a deadly weapon when used in the manner established by the State's evidence."

Therefore, we find that defendant's first claims of error are without merit.

■ Turning now to defendant's second claim that the court made no findings of record as to any prior convictions, defendant contends that the second offender statute never became operative.

From an examination of this contention, we find that the court received into evidence as state's exhibit number one, a certified transcript of the record of John Russell Surgeon in the Missouri State Penitentiary. Also, that the court declared it was taking judicial notice that the com-

mitment arose out of a case number C–14966 in Pike County, Missouri. Furthermore, in the verified transcript furnished to us by the official court reporter, we find the following statement: " * * * the court finds that the defendant has committed the offenses and has been convicted, confined and discharged all as alleged in the Information * * *" In this posture of affairs, we have (1) a commitment, (2) a judicial recognition of the court's own records, and (3) a verified recital of the court's findings. While we do not recommend the manner in which the matter was handled as a model, we hold that under the circumstances of the facts in the instant case that the procedure followed was sufficient.

In State v. Williams, Mo.Sup., 442 S.W. 2d 61, 66, we found under our duty to examine the record as required by Supreme Court Rules 28.02 and 28.08, V.A.M.R., that the record was insufficient as to the imposition of sentence by the trial court by reason of defendant being prosecuted as a second offender. Certain records were offered and received in evidence as exhibits, but they were not filed with the clerk of our court, which parallels what was done in the instant case. The trial court's findings therein were as follows: "We are going to make a finding [in this case]—if we haven't already made it, we will make it now—that the State may proceed under the Habitual Criminal Act." We held that to be insufficient. Obviously, it was. And, at most, it was a mere statement of what the court intended to do, and in no way in compliance with § 556.280, V.A.M.S., that "the court shall enter its findings" on the issue of a prior conviction, sentence subsequent imprisonment or fine, parole or probation. Here, however, the record affirmatively declares, according to the verified transcript of the official court reporter, " * * * the court finds that the defendant has committed the offense and has been convicted, confined and discharged all as alleged in the Information. * * *"

Therefore, our case is distinguishable from the Williams case, supra.

The judgment is affirmed.

SEILER, P. J., and HOLMAN, J., concur.

BARDGETT, J., not participating because not a member of the Court when cause was submitted.