**EVEREADY HEATING & SHEET METAL, INC., a corporation, Plaintiff-Respondent,**

**v.**

**D. H. OVERMYER, INC., Defendant-Appellant.**

**No. 34048.**

Missouri Court of Appeals, St. Louis District.

Jan. 25, 1972.

Lashly, Caruthers, Rava, Hyndman & Rutherford, Darold E. Crotzer, Jr., Ste-

**154**

phen K. Lambright, Alan J. Steinberg, St. Louis, for defendant-appellant.

Evans & Hoemeke, Michael P. Casey, St. Louis, for plaintiff-respondent.

DOWD, Judge.

This is an appeal from a judgment in favor of plaintiff Eveready Heating & Sheet Metal, Inc., on its action to recover money due on a promissory note evidencing work and materials expended on defendant D. H. Overmyer's warehouse. The defendant admitted the execution of the note and counterclaimed for damages, alleging improper performance of work and material.

In this case tried before the court without a jury, the trial court decided for the plaintiff on its claim and against the defendant on its counterclaim, and awarded the plaintiff the full amount of principal plus interest in the amount of $11,246.02. Defendant appeals.

Plaintiff was a sub-contractor for the Nixon Construction Co., the general contractor for the warehouse in question. Only one facet of plaintiff's undertaking is involved here, that is, the installation of exterior sheet metal guttering. The work was completed in September of 1966, with the exception of some corrective work in December of 1966, in response to a complaint by defendant. The plaintiff submitted a bill to the general contractor in September of 1966, but received only one payment. Plaintiff, therefore, filed a mechanic's lien on the warehouse. The promissory note which is the subject of this action was executed by defendant in exchange for plaintiff's release of that lien. Defendant paid the monthly installments on the note until August of 1968, at which time defendant complained that the guttering seams were leaking and the reinforcement straps around the guttering were causing streaking on the building. Plaintiff declined responsibility on the grounds that the one year warranty on its work had expired. Thereafter, plaintiff brought this action to recover the amount still owing on

the promissory note, and defendant counterclaimed for the amount required to repair the guttering and repaint the warehouse.

In this court tried case our review is "upon both the law and the evidence as in suits of an equitable nature." However, the judgment is not to be "set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Civil Rule 73.01(d), V.A.M.R.

■ The defendant contends here that the court below erred in failing to find that plaintiff breached its warranty because the evidence established that the guttering was improperly joined at the seams and that the straps were defectively designed and installed. Secondly defendant contends that plaintiff failed to sustain its burden of proof as to the one year warranty limitation because it introduced no evidence the defendant knew of the one year warranty custom in the industry.

The court has carefully considered the record on appeal and finds nothing in the testimony adduced at trial to substantiate either of the defendant's claims.

The plaintiff's witness Isidore Gravagna, general manager of Eveready, testified that the work performed by his company was done according to specifications provided by the defendant. He also stated that there is no deviation from this practice, even if the sub-contractor feels that the specifications are inadequate. This testimony was corroborated by two of the defendant's witnesses, John Rush, an engineer, and Albert Berkel, president of a sheet metal company. Both these witnesses testified that if the guttering was inadequate, the fault would lie in the design and not in the installation, provided that the specifications were properly followed. There was no testimony by either witness that such was not the case here.

The witness Rush had checked the guttering in April of 1967 and made a written report of his findings. The report, admit-

ted into evidence, stated that the expansion joint sheet metal was not "effective." Coupled with his additional testimony that error in specifications and/or improper maintenance could cause the defects complained of, we cannot conclude that his report indicated improper installation by the sub-contractor.

As to the reinforcing straps put on the gutters, there was uncontroverted testimony by the plaintiff that these straps were not the original specifications, but were added at the defendant's request after similar straps were put on another of its warehouses by the plaintiff. The defendant's expert Berkel, testified that the streaking could have been avoided by another method of installation, but he had no knowledge of the specifications provided or who provided them, and therefore could draw no conclusions as to where or on whom the fault would rest.

■ It is important here, we believe, to take into consideration the fact that at no time during the trial were any specifications introduced into evidence, either for the guttering itself or for the straps. All the witnesses agreed that sub-contractors usually follow provided specifications, and that design error and/or improper maintenance can result in the alleged defects. The plaintiff asserted that the specifications had in fact been followed, and there was no evidence to controvert this testimony. "When the contract is to build a specified structure, according to another's plans, of course, the contractor does not insure that such plans and specifications are sufficient to obtain the result sought, and he should be paid if he did what he agreed to do." Sandy Hites Co. v. State Highway Commission, 347 Mo. 954, 149 S. W.2d 828, 833.

Since the assertion of improper installation was contained in the defendant's counterclaim, the burden of proof was on the defendant to show that the plaintiff did not perform the work as called for in the specifications provided by the defendant. It is difficult to see how this proof could be established without the specifications, since all testimony would necessarily be conjectural without them; and, in fact, such proof was not established, as the record clearly shows. It is not the function of this court to decide what might have been proven; we can only rule on the evidence actually presented to the trial court. In this case, there was no testimony that the sub-contractor did not perform his work properly, and no controversion of the testimony that he did.

■ We must also rule against the appellant in his second contention, that plaintiff did not prove knowledge of one year warranty on the part of the defendant. Two of defendant's witnesses Rush and Berkel admitted to knowledge of the one year warranty. Defendant's third witness, the vice president and general manager of the D. H. Overmyer Co., was not questioned as to his knowledge. The cases cited by both parties are not pertinent, since actual knowledge of the industry's warranty custom was admitted in particular by Rush, who was defendant's authorized representative on the job in question.

■ The actual issue is whether this admitted knowledge can be imputed to the defendant. The general rule, settled by an unbroken line of decisions, is that notice to, or knowledge of, an agent while acting within the scope of authority and with regard to any business over which his authority reaches, is notice to, or knowledge of, the principal. Hickman v. Green, 123 Mo. 165, 22 S.W. 455, 27 S.W. 440. See also Kearns v. Sparks, Mo.App., 260 S. W.2d 353.

The Restatement of the Law of Contracts promulgates the same general rule as this line of decisions:

"§ 247. WHEN USAGE IS OPERATIVE UPON PARTIES.

"A usage is operative upon parties to a transaction where and only where

"(a) they manifest to each other an assent that the usage shall be operative, or

"(b) either party intends the effect of his words or other acts to be governed by the usage, and the other party knows or has reason to know this intention, or

"(c) the usage exists in such transactions and each party knows of the usage or it is generally known by persons under similar circumstances, unless either party knows or has reason to know that the other party has an intention inconsistent with the usage."

Therefore, since the defendant is charged with knowledge of the one year warranty, its counterclaim for the breach of this warranty, stemming from a complaint made two years after the guttering was installed, cannot be upheld.

The judgment is affirmed.

BRADY, P. J., and VERNON W. MEYER, Special Judge, concur.