**STATE of Missouri, Plaintiff-Respondent,**

v.

**Grandville MILLS, Defendant-Appellant.**

**No. 34936.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

May 22, 1973.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, Charles B. Blackmar, St. Louis,

James Millan, Pros. Atty., Bowling Green, for plaintiff-respondent.

James G. Rittenbaum, Louisiana, for defendant-appellant.

GUNN, Judge.

Defendant, Grandville Mills, was convicted of assault with a dangerous and deadly weapon with felonious intent to do great bodily harm. The jury assessed a penalty of three years imprisonment and defendant appealed to this court.

The issue to be decided by the court is whether there was sufficient evidence for the jury to determine that the defendant knowingly acted in concert with others in an assault upon an individual.

On the evening of April 7, 1972, defendant entered the B & B Tavern in Bowling Green with a group of about twelve to fifteen other people. Included in the group with defendant were Henry Bryant and Mark Chilson. During the evening, defendant remained at one end of the bar with Bryant, Chilson and the other members of his party. Shortly after 1:00 a. m., a woman patron in the tavern complained to Robert Cannon, part-owner of the B & B Tavern, that David Crenshaw, one of the group with the defendant, was bothering her. Cannon walked over to Crenshaw and urged him to leave the tavern. During the discussion or argument between Cannon and Crenshaw, the defendant approached Cannon with Bryant and Chilson. While Bryant was at one side of Cannon and Chilson was in front of him, defendant grabbed Cannon from behind with both arms and held him by his waist. Bryant subsequently cut Cannon in the face with a large hunting knife. Two patrons of the bar pulled the defendant from Cannon and knocked him to the floor, and Chilson inflicted further cuts upon Cannon with a small knife. Cannon had 25 stitches taken in his face as a result of the cuts.

The evidence is conflicting as to whether Bryant cut Cannon while he was being held by the defendant or whether it was immediately after defendant had been forcibly pulled away from Cannon. The entire episode transpired within about one minute.

The two men who pulled defendant away from Cannon and six other customers in the tavern corroborated Cannon's testimony that he was forcibly held by defendant. Defendant testified that he had not grabbed or held Cannon at any time.

The Court instructed the jury as follows:

"The Court further instructs the jury that when two or more persons knowingly act together in the commission of an unlawful act or purpose, then whatsoever either does in furtherance of such unlawful act or purpose is in the law the act and deed of each of such persons."

Defendant argues that there was only circumstantial evidence to establish that he knowingly acted in concert with Bryant and Chilson in assaulting Cannon; that the State failed to show that defendant shared consciously in any intent of Bryant and Chilson to do great bodily harm; that the State failed to show that he knew or could have known that they had knives; that even if defendant did grab Cannon, that State failed to show that it was part of a concerted action by all three to do bodily harm to Cannon.

■ In determining the sufficiency of the evidence to support a conviction, it is the court's duty to view the evidence in the light most favorable to the State, to accept all substantial evidence and all legitimate inferences fairly deducible therefrom which tend to support the verdict and to reject contrary and contradictory evidence. State v. Petrechko, 486 S.W.2d 217, 218 (Mo.1972); State v. Lee, 492 S.W.2d 28, 30 (Mo.App.1973).

■ Circumstantial evidence may properly be used to establish the intent of an individual to commit a crime. In fact, in-

tent is generally not subject to direct proof and is therefore necessarily established by circumstantial evidence. State v. Petrechko, supra, 486 S.W.2d at 218.

 From the evidence the jury could reasonably find that the defendant did affirmatively participate in the assault upon Cannon by grabbing and holding him. The state is therefore not required to prove that the defendant personally committed all the acts constituting the essential elements of the crime. State v. Gideon, 453 S.W.2d 938, 940 (Mo.1970). Evidence fairly showing any form of affirmative participation in a crime is sufficient to support a conviction. State v. Cobb, 444 S.W.2d 408, 412 (Mo.Banc 1969); State v. Lee, supra.

The instruction to the jury by the trial court was proper, since defendant, Bryant or Chilson acting together with a common intent and purpose in the commission of the assault upon the victim are guilty if they share consciously in the criminal act intended. State v. Pflugradt, 463 S.W.2d 566, 571 (Mo.App.1971).

"A person who aids and abets in the commission of a criminal offense is guilty as a principal without a showing of conspiracy. (Citations omitted). The presence of one at the commission of a felony by another is evidence to be considered in determining whether or not he was guilty of aiding and abetting and it has been held that presence, companionship and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." State v. Reed, 453 S.W.2d 946, 1 c. 948 (Mo.1970).

In this case, the fact that defendant entered the tavern at which the crime took place together with Bryant and Chilson, sat and associated with them during the evening, approached the victim of the assault with one who wielded a knife and actively participated in assaulting the victim, is sufficient evidence to support a finding by the jury that defendant knowingly acted in concert with others in the commission of the unlawful act with which he was charged and was therefore guilty as charged. The actions of defendant with others who physically assaulted the victim make it possible for a jury to find that defendant intended to consciously share in the actions against the victim.

The judgment is affirmed.

SMITH, P. J., and SIMEONE and KELLY, JJ., concur.