**STATE of Missouri, Respondent,**

v.

**Stephen Wayne WALKER, Appellant.**

**No. KCD 26317.**

Missouri Court of Appeals,
Kansas City District.

Dec. 31, 1973.

Motion for Rehearing and/or Transfer
Denied Feb. 1, 1974.

**120**

Robert G. Duncan, Duncan & Russell, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Allan Seidel, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., PRITCHARD, J., and LAURENCE SMITH, Special Judge.

DIXON, Chief Judge.

This is an appeal from a judgment of conviction upon counts charging assault with intent to maim, rape, and sodomy, entered upon a jury verdict by the Circuit Court of Jackson County, Missouri. Sentences were imposed upon defendant by the jury at 4 years for assault with intent to maim, 20 years for rape and 10 years for sodomy, which the judge ordered served concurrently for a total of 20 years.

Defendant and Bobbie Lee Stevens, Donnie Jay Banks and Linda Kay Smothers were all charged in three separate counts with assault with intent to maim, rape, and sodomy. Defendant's attorney, by oral motion, requested a severance which was granted, and defendant was given a separate trial. Defendant's appeal relates only to the assault and sodomy convictions, and the following facts are limited to the circumstances surrounding those convictions. The conviction upon the count charging rape is not appealed or contested.

In brief, the circumstances were that the prosecutrix who shall be referred to as "Susan," while at a bar in the Kansas City area, was approached by Bobbie Stevens and asked to go to a party. She refused and proceeded to leave the bar when Linda Smothers shoved her out the door and told her that she was going to this party whether she liked it or not. They then drove to Linda's house, despite Susan's continued insistence that she did not want to go to the party. Upon arrival at the house, Susan again told Linda that she did not want to go inside. Susan also testified that on previous occasions both she and her family had been threatened by Linda. Upon entering the home, Susan noticed several persons, including the defendant, sitting around and drinking. Shortly thereafter, Susan attempted to leave, but was grabbed and prevented from doing so by one of the men present at this party. She was then called into the kitchen where she was

struck in the mouth and had her blouse torn off by Linda Smothers. Smothers then tore off the remainder of Susan's clothes and threw her onto a waterbed located in the living room. At this point, defendant, Banks, and Stevens jumped on Susan, and Banks proceeded to rape her while the defendant laughed and called for Banks to hurry up so he could have his turn. Defendant continued to encourage Banks while Smothers poked Susan all about the body with a table fork. Smothers then took a fire extinguisher and sprayed Susan on the legs and stomach, in the presence of defendant and the others, causing a burn and later a scar. Following this incident, Susan was forced to take a bath and was then taken into a bedroom where she was forced to commit an act of sodomy with Banks. Defendant was again present and encouraging Banks to hurry up and finish so that he could be next to participate in this act. Susan was then forced to submit to more indecencies too sordid to mention, and the circumstances that followed these outrageous attacks need not be further detailed. Later, Susan's body was covered with shaving cream and her pubic hairs shaved and burned off with matches by defendant and others. Then, while defendant was present and looking on, the Stevens woman took a pocket knife and stuffed it into the prosecutrix's vagina, causing her to bleed. In the hours that followed, the prosecutrix was again ruthlessly abused and raped by defendant.

■ Three points are raised on appeal. First, appellant contends that there is insufficient evidence to show that defendant aided and abetted the principals in the assault with the knife and fire extinguisher, or in the act of sodomy. In determining the sufficiency of the evidence to support a conviction, it is this court's duty to view the evidence and all reasonable inferences therefrom in the light most favorable to the verdict and to disregard all contrary evidence and inferences. State v. Mills, 495 S.W.2d 715, 716 (Mo.App.1973); State v. Boone, 490 S.W.2d 318, 320 (Mo.

App.1973). Evidence fairly showing any form of affirmative participation in a crime is sufficient to support a conviction. State v. Cobb, 444 S.W.2d 408, 412 (Mo. banc 1969); State v. Mills, supra, 495 S. W.2d at 717. The fact that defendant was present during the assault with the fire extinguisher and pocket knife as well as at the time of the act of sodomy, shouting encouragement and delight at those activities, is sufficient evidence to support a finding by the jury that defendant knowingly acted in concert with others and shared in the principals' criminal intent. Section 556.170 RSMo 1969, V.A.M.S.

■ Secondly, appellant contends that the State failed to sustain its burden of showing that the knife and carbon dioxide compound present in the fire extinguisher were used in such a way and with such intent as to cause bodily harm to Susan. No one of ordinary intelligence would hesitate in concluding that a pocket knife and fire extinguisher, in the manner in which they were used on Susan, could cause death or great bodily harm. The evidence presented below justified a finding that defendant actively participated in the assault and, from this evidence, a jury could reasonably find that an assault was committed on Susan with the intent to maim, that is, to inflict great bodily harm. As noted in State v. Woody, 406 S.W.2d 659, 661–662 (Mo.1966):

"In determining this intent the jury could consider the nature of the weapon used, the manner of using it, the results of its use, and all the related circumstances giving rise to the incident out of which the charge arose."

■ The defendant's final contention relates to the alleged error of the trial court in failing to submit an instruction on the lesser included offense of common assault. Appellant argues that there was evidence to warrant and require such submission to the jury but concedes that objections were not raised in the trial court nor mentioned in the motion for new trial.

**122**

We are asked to review this issue under the "plain error" rule. Supreme Court Rule 27.20(c), V.A.M.R. This court will not consider any matter relating to instructions on "plain error" unless the trial court has misdirected or failed to instruct the jury on the law of the case as to cause manifest injustice. State v. Auger, 434 S.W.2d 1, 4 (Mo.1968); State v. Bridges, 491 S.W.2d 543, 547 (Mo.1973). Consideration of this issue and the facts and circumstances involved herein has caused us to conclude that there is no occasion for us to review this contention under Rule 27.-20(c). The trial court has a duty to instruct the jury upon the lesser included offense of common assault, whether requested to or not, when "the evidence shows that a defendant may not be guilty of the offense charged, but may be guilty of an offense necessarily embraced in the charge. . . ." State v. Hoag, 232 Mo. 308, 317, 134 S.W. 509, 510 (1911); State v. Leigh, 466 S.W.2d 685, 686 (Mo.1971). Moreover, "the degree of the offense depends upon the intention with which the act was done, and if the evidence excludes a felonious intent, the defendant may be found guilty of common assault." State v. Surgeon, 456 S.W.2d 293, 295 (Mo.1970). As noted in Surgeon, supra, citing State v. Mitchell, 276 S.W.2d 163, 165 (Mo.1955):

> "It is true that the court should instruct upon all questions of law arising in the case which are necessary for the information of the jury in rendering its verdict, but it should also limit the instructions to the law applicable to evidence presented to the jury." 456 S.W.2d at 295.

Appellant offered no evidence supporting a submission of common assault. Conversely, the State's evidence showed that if any assault was committed, the purpose of the assault was to maim and that this was accomplished. Hence, "under the state's proof there was no place for a common assault instruction even though the forcible ravishment necessarily included an unpermitted bodily contact and simple assault." State v. Leigh, supra, 466 S.W.2d at 686. Therefore, if any offense was committed, it was felonious assault and any instruction on common assault would have been improper.

The judgment of the trial court is affirmed.

All concur.