**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Linda Kay SMOTHERS, Defendant-Appellant.**

**No. KCD 26645.**

Missouri Court of Appeals,
Kansas City District.

May 5, 1975.

Robert G. Duncan, William E. Shull, Duncan & Russell, Kansas City, for defendant-appellant.

John C. Danforth, Atty. Gen., William F. Arnet, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

DIXON, Judge.

The defendant appeals from jury tried convictions on counts charging assault with intent to maim, rape, and sodomy. The jury imposed a four-year sentence on the assault charge, a twenty-year sentence on the rape charge, and a twenty-year sentence on the sodomy charge. The sentences run consecutively totaling forty-four years imprisonment. The judgment on each count is affirmed.

The defendant was originally charged with three other defendants on each count. However, a severance was granted, and she was tried separately. The facts of the instant case can be found in State v. Walker, 505 S.W.2d 119 (Mo.App.1973). The defendant in *Walker*, supra, was one of those originally charged on all counts on the same information in which the instant defendant was charged. Any other facts particularly pertinent to the appeal of this defendant will be described below as necessary.

The defendant asserts three points of error in the trial court. She claims that the court erred in submitting instruction No. 4 because the evidence was insufficient to indicate that the "caustic chemical compound" if any was capable of being a dangerous and deadly weapon likely to produce death or great bodily harm, or that it was used in such a manner. She asserts that instructions 5 and 6 are erroneous because they "improperly, inadequately, and insufficiently, defined those acts necessary before an individual can be found guilty of acting as an aider and abetter  . . .." She also claims the trial court erred in failing to instruct the jury on the lesser included offense of common assault because the evidence warranted an instruction on common assault.

State v. Walker, supra, 1. c. 121, conclusively established that the evidence justified a finding that, used in the manner in which this fire extinguisher was used, it could "cause death or great bodily harm." The evidence in this case has been compared with that in *Walker*, and it does not vary in any substantial particular. What was held in *Walker* must be followed here.

The defendant's contention that the trial court erred in failing to instruct the jury on the lesser included offense of common assault because the evidence warranted that instruction was a point also raised in *Walker*, supra, 1. c. 121. Briefly, the evidence shows the defendant in the instant case struck the prosecutrix with a fork over several parts of her body while the rape and sodomy were occurring; the defendant sprayed carbon dioxide fire extinguisher on her while the rape was occurring; defendant burned the prosecutrix with matches after the rape and sodomy had taken place. The evidence shows that much more than a mere offensive touching took place. An instruction on common assault would have been improper under these facts. State v. Walker, supra, 1. c. 122, also rules this point.

The defendant also claims that the court below erred in submitting Instructions 5 and 6 because those instructions "improperly, inadequately, and insufficiently defined those acts necessary before an individual can be found guilty as an aider and abetter . . . ." The defendant objects to the following language contained in both Instructions 5 and 6:

"All persons are equally guilty who are present at or near the scene of an offense and who then knowingly act together with a common intent by aiding, assisting or encouraging in the commission of the offense . . . ."

The defendant complains that this language in each of the instructions "provides absolutely no guidance as to what specific acts or types of acts can be interpreted as aiding, assisting, or encouraging. . . . The Terms 'aiding, assisting or encouraging' are so vague and ambiguous and become so subjective, that jury members are left to flounder amongst a morass of definitions, feelings, and beliefs."

The thrust of the defendant's point is that the instructions failed to require the jury to find that the defendant took some type of overt action to further the commission of the offense. The defendant fears that the jury could have convicted her after finding that she merely acquiesced to the commission of the crime. However, the instructions require that the jury find anyone guilty who *acted*, who *acted* knowingly, and who *acted* knowingly with an intent to aid, assist, or encourage the commission of the offense. The instruction required a finding by the jury that the defendant did actually perform an act to aid the commission of the offense. The court faced a similar point of error in State v. Present, 344 S.W.2d 9 (Mo.1961). The court said, 1. c. 12:

"The words 'did *in any way* help, aid, and assist' are complained of. Counsel state that the court should have specified *what* aiding and helping would have been sufficient, but that, by the use of this 'indiscriminate' term, it left the jury to speculate and consider any remote type of help and even to supply to its own ideas."

In considering the point, the court in *Present* said, " . . . the requirement of helping, aiding, and assisting necessarily implied some affirmative act, as contrasted with a mere passive presence." The court in *Present* went on to conclude as follows, 1. c. 13:

"It would be virtually impossible to hypothesize in an instruction every possible fact which might constitute a means of help or assistance, and the recital of some but not all of these would certainly be claimed to be objectional."

The requirement in the instant instruction that the jury find one guilty who acted

knowingly with an intent to aid, assist or encourage the commission of the offense, also requires the jury to find more than "passive presence" on the part of the defendant before they find her guilty.

Also, the language and words act, aid, assist, and encourage, are words of common usage. They are not technical language which could mislead or confuse the jury. Because they are words of common usage and because the defendant offered no written instruction to the court further defining those words, the trial court had no duty to define them. State v. Day, 506 S.W.2d 497 (Mo.App.1974).

Also, the language in instructions 5 and 6 which is complained of is substantially similar to the language of MAI–CR 2.10, which makes no attempt to define the words act, aid, assist, or encourage, as they are used in that instruction. There is no error.

Judgment affirmed.

All concur.