**468**

STATE of Missouri, Respondent,

v.

Earl Lee HARRIS, Appellant.

No. 38782.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Sept. 13, 1977.

James A. Cochrane, III, Finch, Bradshaw, Strom & Steele, Cape Girardeau, for appellant.

John D. Ashcroft, Atty. Gen., Walter O. Theiss, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

Defendant was convicted of assault without malice aforethought. The appeal is based on the trial court's failure to instruct on common assault. We affirm.

The defendant and his brother entered a house where the victim, Robert Carter, was visiting. The defendant's entry was as an uninvited guest. Without provocation and with only a "nobody move" warning, the defendant approached Carter and struck him in the face with a .32 caliber revolver. As Carter was falling to the floor, defendant's gun discharged, with a bullet striking Carter in the back. Carter did not see the gun discharge, but two witnesses did. One witness testified that after striking Carter in the face with the gun, the defendant shot Carter in the back "cold-bloodedly" as he lay on the floor. The other witness to the shooting testified that as defendant was commencing to strike Carter once again with the gun, the gun discharged without being aimed; that the gun fired as the defendant was striking at Carter with it a second time.

The jury was instructed on assault with and without malice aforethought, and the jury returned its guilty verdict on assault without malice. Defendant asserts that, although not requested to do so, the trial court should have instructed on § 559.220 RSMo 1969 common assault. We disagree.

True, the trial court is required to instruct on the lesser or included offense of common assault, even though not requested to do so, where the evidence supports the lesser offense. But no such requirement exists if the evidence does not support a submission of common assault, as is the case here. *State v. Webb,* 518 S.W.2d 317 (Mo. App.1975); *State v. Walker,* 505 S.W.2d 119 (Mo.App.1973). The undisputed evidence shows that the defendant struck Carter in the face with a lethal weapon. Then, ac-

cording to the testimony, he either deliberately shot Carter in the back, or the gun went off as he was again about to hit Carter with the gun. The discharge of the gun is not the essential ingredient to the assault charge for which defendant was found guilty. Defendant's action in intentionally striking Carter in the face with the gun and either willfully shooting him or intentionally striking him again with the weapon are dissonant with common assault. Hence, there is no need for a common assault instruction. There was no evidence of common assault, for defendant's actions were only those fitting the more serious § 559.180 or § 559.190 crimes of assault—not common assault, which is defined as assault "under such circumstances as not to constitute any other offense herein defined." § 559.220 RSMo 1969. Defendant's actions were inconsistent with common assault. *State v. Cooksey,* 499 S.W.2d 485 (Mo.1973); *State v. Bevineau,* 460 S.W.2d 683 (Mo.1970); *State v. Morris,* 523 S.W.2d 329 (Mo.App.1975); *State v. McCloud,* 522 S.W.2d 631 (Mo.App.1975); *State v. Webb,* supra; *State v. Walker,* supra.

Judgment affirmed.

KELLY, P. J., and WEIER, J., concur.