STATE of Missouri, Respondent,

v.

James Madison WILSON, Appellant.

No. 39933.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 5, 1978.

Motion for Rehearing and/or Transfers to Supreme Court Denied Jan. 12, 1979.

William B. Haller, Asst. Public Defender, Twenty-First Judicial Circuit, Clayton, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

In a jury waived case, defendant was convicted of assault with intent to do great bodily harm without malice and was sentenced to six months' imprisonment. His appeal charges that the trial court erred in failing to consider whether the assault was a lesser and included offense of common assault. We find no error and affirm.

■■■ The record establishes that defendant and two others were apparently tampering with the victim's auto. When the victim requested that his auto be left undisturbed, the defendant assaulted him from behind and administered a severe beating to the head, face and neck, which resulted in the victim's hospitalization for injuries incurred. The victim's wife, who witnessed the beating, observed defendant remove something from his pocket and place it in his right hand before the assault. The victim also related that he was struck with something harder than merely the defendant's fist. Police recovered no weapon from defendant. Defendant was arrested, charged and tried for assault with intent to do great bodily harm with malice. After considering the evidence, the trial court found him guilty of the lesser and included offense of assault with intent to do great bodily harm without malice. A pre-sentence investigation was ordered, and about five weeks after the finding of guilt the trial court imposed the sentence and made the following comment which forms the basis of this appeal:

"... although you're charged with Assault with Intent to do Great Bodily Harm Without Malice, the Court told Mr. Haller [defendant's counsel] that you [defendant] will be sentenced under the Common Assault range, *not under that charge, because the Court had no authority to change the charge.*" (emphasis added)

Defendant interprets the foregoing statement as meaning that the trial court in an obvious error believed that it could not reduce defendant's charge from assault without malice to common assault. Of course, common assault is a lesser and included offense of assault without malice. *State v. Hammond,* 571 S.W.2d 114 (Mo. banc 1978). It is to be given consideration where the evidence supports the lesser offense. *State v. Harris,* 556 S.W.2d 468 (Mo. App.1977). But there is substantial evidence to support the trial court's finding of guilt of assault with intent to do great bodily harm without malice, for an attack by the use of fists in the manner here will support the charge of assault with intent to do great bodily harm. *State v. Seemiller,* 558 S.W.2d 212 (Mo.App.1977). And, too, there was evidence here that some object was used in defendant's hand to effectively aid him in his pummeling of the victim.

■■■ The trial court in its sentencing procedure made specific reference to defendant's unprovoked attack on the victim with resulting injuries. It is clear that the trial court fully intended to find the defendant guilty of assault without malice—not common assault as contended; that having found defendant guilty of assault without malice, the court could not sentence defendant on another charge although the sentence fell within the common assault range.

There is no error, and we affirm the judgment.

REINHARD, P. J., and CLEMENS, J., concur.