**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Timothy PINSON, Defendant-Appellant.**

**No. 49579.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 30, 1986.

---

John Munson Morris, Mark Anthony Richardson, Jefferson City, for plaintiff-respondent.

Michael Lee Maynard, Flat River, for defendant-appellant.

SIMON, Judge.

Defendant, Timothy Pinson, appeals from his conviction of the class C felony of tampering in the first degree, § 569.080.-1(2), RSMo Supp.1984, for operating a truck without the owner's consent. (All further references shall be to RSMo Supp. 1984 unless otherwise noted.) Following the jury's verdict in the Circuit Court of

Washington County, defendant was sentenced by the court as a prior offender under § 558.016 to serve a term of four years on the offense of tampering in the first degree, to run concurrently with a sentence of ten years imposed for the revocation of defendant's probation on the prior offense.

On appeal, defendant contends the trial court erred in: (1) bringing to the attention of the prosecuting attorney prior conviction of defendant; (2) allowing defendant to be charged as a prior offender without according defendant the full rights of confrontation and an opportunity to present evidence at the pretrial hearing wherein the state's information was amended to charge defendant as such; (3) allowing untimely amendment of the charge against defendant, on the date of trial; (4) in allowing defendant to be tried as a prior offender when the state failed to plead all essential facts and elements of the prior offender statute; (5) in finding defendant to be a prior offender under § 558.016 RSMo; (6) in overruling defendant's request for a mistrial when the prosecuting attorney, on cross-examination of defendant, questioned him regarding a condition of his probation on the prior conviction, in violation of a prior caution by the court.

We have reviewed the defendant's points on appeal and we have examined the transcript for objections made at trial which relate to the "points relied on." At trial, no objections were made to the errors alleged in Points II and IV. General rules of appellate review require an objection and proper request for relief as a predicate to appellate examination of matters arising at trial. *State v. Evans,* 639 S.W.2d 820, 822 (Mo.1982). Even though not properly preserved, "plain errors affecting substantial rights may be considered in the discretion of the courts when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20. We review Points II and IV under Rule 30.20.

As defendant does not challenge the sufficiency of the evidence, the relevant facts will be considered with his points on appeal.

In defendant's first point, he contends the trial court erred in advising the prosecuting attorney that he could charge defendant as a prior offender, and as a result, improperly assisted the state. During the pretrial proceedings, the following occurred:

PROSECUTOR: This is a file on his other conviction, Your Honor?

THE COURT: Have you filed on him as a prior offender?

PROSECUTOR: No. I just brought that up in case he testifies for the Court to know about that file.

THE COURT: You can charge him as a prior offender, can't you, take the punishment aspect away from the jury?

PROSECUTOR: Yes, Your Honor. I'd ask leave of Court to do so at this time.

Defendant objected that the amendment was not timely. The trial judge inquired if defense counsel was aware that defendant was a prior offender. Defense counsel admitted he knew, but did not believe defendant could be charged because the imposition of sentence was suspended and further, that the untimeliness of the amendment prevented defendant from moving for a change of judge, because the trial judge is the same judge who took the plea and placed the defendant on probation.

■ In the argument portion of his brief, defendant contends the trial court's inquiry denied the prosecutor discretion to charge defendant. The decision to charge the defendant as a prior offender remained exclusively with the prosecutor. He alone amended the information. The trial court did not pre-empt the prosecutor's discretion to charge the defendant. Further, the trial court's inquiry and/or remarks took place outside the presence of the jury and did not prejudice defendant. *State v. Newberry,* 605 S.W.2d 117, 124 (Mo.1980). Defendant's first point is not meritorious.

In his second point defendant alleges the trial court erred in not providing defendant with the full rights of confrontation and an

opportunity to present evidence at the prior offender hearing.

It is axiomatic that before a defendant can be found to be a prior offender the state must prove the defendant's status beyond a reasonable doubt and the trial court must adjudge him as such based upon specific findings of fact after a hearing. § 558.021.1. *State v. Tate,* 657 S.W.2d 727, 728 (Mo.App.1983). At the hearing the defendant must be accorded full rights of confrontation and cross-examination, with the opportunity to present evidence. § 558.021.4.

■ At the pretrial conference the state amended the information to charge defendant as a prior offender. The trial court then took judicial notice of his prior plea of guilty and subsequent suspended imposition of sentence, and found beyond a reasonable doubt that defendant was a prior offender. The trial court did not deny the defendant full rights of confrontation and an opportunity to present evidence, because defendant at no point requested either from the court. Nor did defendant request a continuance so he could prepare himself to adequately exercise his statutory rights under § 558.021.4. Defendant cannot allege trial court error because the trial court did not sua sponte inform him of his rights and/or order him to exercise them.

■ In the argument portion of his brief, defendant contends that at no time prior to, during, or after the trial in this case on October 23, 1984, nor during the sentencing hearing of December 3, 1984, was he ever informed by the court or any other person that he had been tried or would be sentenced as a prior offender. During the pretrial conference, the morning of the trial, the prosecutor amended the information to charge the defendant as a prior offender. The defendant's attorney was present, and aware of the amendment. The attorney-client relationship is one of agent-principal. The issue is whether the attorney's knowledge can be imputed to the defendant. The general rule is that notice to an agent while acting within the scope of

his authority and with regard to any business over which his authority reaches, is notice to, or knowledge of the principal. *Eveready Heating v. Overmeyer, Inc.,* 476 S.W.2d 153, 155 (Mo.App.1972). Because his attorney received notice on the day of the trial, defendant is deemed to have had knowledge of being charged, tried and sentenced as a prior offender. We find no error.

In his third point defendant argues the trial court violated his right to due process and equal protection because the trial court allowed an untimely amendment of the charge against defendant on the day of the trial. Under Supreme Court Rule 23.08, the state is permitted to file an amended information any time before the verdict or finding, provided the amendment does not contain an additional or different charge, and provided the amendment does not prejudice defendant's substantive rights. Here, the information was amended before the trial, and before the finding with respect to a prior conviction. The amended information, which invoked the Persistent Offender Act, did not charge a different or additional offense. *State v. Tygart,* 673 S.W.2d 83, 86 (Mo.App.1984).

■ We next examine whether defendant's substantive rights were prejudiced by the amendment. The test of prejudice is whether a defense under the charge as originally made would be equally available after the amendment and whether defendant's evidence would be equally applicable after as well as before the amendment. *State v. Taylor,* 375 S.W.2d 58, 63 (Mo. 1964).

In the argument portion of his brief, defendant contends that if he had been given ample notice of the state's intention to try him as a prior offender, he would have requested a change of judge under Rule 32.07. The scope of the right, as well as the procedural prerequisites to its exercise, have been established by our Supreme Court rule.

■ In our discussion of this point, we conclude that the information, amended the

day of the trial, was timely filed. Consequently, defendant, who wanted a change of judge because of perceived negative consequences flowing from the amended information, was procedurally foreclosed from obtaining a change of judge under Rule 32.07, as he was unable to meet the filing deadline set by the rule.

Rule 32.07 does not provide defendant, in this situation, a right to change of judge. Defendant has not alleged this is a violation of any constitutional provision, state or federal, and we find none. Further, defendant was aware that the trial judge was the same judge who accepted his plea of guilty to the controlled substance charge and was the same judge who granted the suspension of the imposition of the sentence, pursuant to defendant's plea of guilty and placed him on probation. Clearly, if the defendant was concerned that he would receive a fair trial, he had sufficient time, prior to the day of trial, to seek a change of judge. The trial court properly permitted the prosecutor to amend the information the morning of the trial and defendant was not prejudiced.

In his fourth point, defendant argues the trial court erred in permitting defendant to be tried as a prior offender since the state failed to plead all the essential facts and elements to effect such an amendment. Section 558.021.1 provides that the indictment or information must plead essential facts warranting a finding that the defendant is a prior offender, evidence must be introduced to establish beyond a reasonable doubt that the defendant is a prior offender and the court must make a finding beyond a reasonable doubt that the defendant is a prior offender. Here, the information pleaded that on September 8, 1981 defendant entered a plea of guilty to the crime of possession of a controlled substance in the Circuit Court of Washington County, Missouri. At the pretrial hearing, with both parties represented by counsel, the trial court stated the following:

The Court will take judicial notice that it did on September 8th, 1981, receive a plea of guilty from this defendant to the

amended charge of possession of a controlled substance, to-wit: lysergic and diethylamide, and the Court did thereafter on November 2nd, 1981, find the defendant was a favorable candidate for probation and did place him on probation at that time. The Court did at that time suspend imposition of sentencing and placed him on probation for a term of five years. So the Court will take judicial notice of its own minutes wherein the defendant plead guilty to the charge mentioned and was granted a suspended imposition of sentencing at that time. The Court, therefore, finds that he is a prior offender as defined by the Statute 556.016 of the Revised Statutes of Missouri. And the Court will further take judicial notice that the charge at that time was not connected with or a part of the present charge, and they're two separate incidents. The Court will further take judicial notice that the defendant, by the Court's minutes, was represented by counsel at the time he entered his plea back on September 9th, 1981, and also he was represented by counsel at the time he was granted a suspended imposition of sentence on November 2nd, 1981.... And the Court makes those findings beyond a reasonable doubt.

Defendant did not object to or comment upon the court's finding. On these facts we find the provisions of § 558.021 were satisfied. The information was sufficient. The findings were specific and responsive to the information, and the requisite evidence and burden of proof were met by the court taking judicial notice of its own past proceedings. A similar procedure was approved, although not recommended as a model, in *State v. Surgeon*, 456 S.W.2d 293, 296 (Mo.1970). *See also State v. Meeks*, 655 S.W.2d 536, 539 (Mo.App. 1983). Defendant's point is without merit.

In his fifth point, defendant argues the trial court erred in finding defendant to be a prior offender under § 558.016 because that court had suspended the imposition of sentence on the prior offense. Defendant pleaded guilty to the prior offense

of possession of a controlled substance. The language of § 558.016.2, and its interpretation by the courts is clear. A "prior offender" is "one who has pleaded guilty to or has been found guilty of one felony." § 558.016.2. Even if defendant's imposition of sentence was suspended, his plea of guilty conferred upon him the status of "prior offender." *State v. Lynch,* 679 S.W.2d 858, 861 (Mo. banc 1984). We find no error.

In his sixth and last point, defendant contends the trial court erred in not granting defendant's request for a mistrial when the prosecuting attorney, on cross-examination of defendant, questioned defendant, despite prior caution by the court, about a condition of his probation.

Immediately prior to cross-examination of defendant by the state, defendant asked the trial court to restrict the state from going into the details of his prior offense. The state argued it could go further since on direct examination defendant had been asked if he was placed on probation for the prior offense. The court sustained defendant's objection and told the state that it may ask him if he was on probation, but nothing more.

Nevertheless, the prosecutor asked defendant, "As part of your probation were you to be drinking?" The question was answered in the negative. Defendant then objected to the question, and his objection was sustained. The court, upon defendant's request, instructed the jury to disregard the statement. The defendant's request for a mistrial was overruled.

■ The declaration of a mistrial is a drastic remedy which should be granted only in those circumstances where the incident is so grievous that the prejudicial effect can be removed in no other way. *State v. Laws,* 668 S.W.2d 234, 238 (Mo. App.1984). We review the trial court's decision not to declare a mistrial only for abuse of discretion. Ordinarily, the trial court acts within its discretion and cures error in the admission of evidence by withdrawing the improper evidence and instructing the jury to disregard it, rather than declaring a mistrial. *Laws,* 668 S.W.2d at 238.

■ Reviewing the record, we find the trial court did not abuse its discretion.

The judgment of the trial court is affirmed.

KAROHL, P.J., and GARY M. GAERTNER, J., concur.