**STATE of Missouri, Respondent,**

v.

**James McCAW, Jr., Appellant.**

No. 52210.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 17, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 22, 1988.

Application to Transfer Denied
July 26, 1988.

William L. Webster, Atty. Gen., Jared Richard Cone, Asst. Atty. Gen., Jefferson City, for respondent.

John F. Newsham, Asst. Public Defender, Clayton, for appellant.

SIMON, Presiding Judge.

Appellant, James McCaw, Jr., appeals his conviction by a jury in the Circuit Court of St. Louis County for stealing in violation of § 570.030 RSMo (1986). On appeal, appellant contends the trial court erred: (1) in overruling his objection when a police officer testified that he had seen appellant on more than one occasion because the testimony injected appellant's character into evidence and was evidence of other crimes; and, (2) in overruling his motion for mistrial when a police officer testified at trial that he had searched and seized keys from appellant when said evidence had not been disclosed to appellant's counsel pursuant to his timely Motion for Discovery. We affirm.

Appellant does not contest the sufficiency of the evidence. The facts elicited at trial are as follows: The victim left his house in St. Louis County at approximately 7:00 a.m. on October 1, 1985. He returned home from work sometime between 3:30 and 4:00 p.m. that same day after receiving a call from his brother that the victim's garage door was open and his 1981 Corvette was missing. Upon arriving at home, the victim discovered that two video cassette recorders, a fox jacket, a jewelry box, a set of silverware, and a cassette tape deck were taken.

That same day, a woman who lives nearby the victim returned to her house at approximately 12:30 to 1:00 p.m. The woman noticed that her front gate, which was closed when she left, was open and that a green Buick Electra with a cream-colored top was in her driveway. She observed

three black males inside the automobile. The driver told her that they needed water and got it. The woman reported the incident to the police. She later identified the Buick Electra on a police lot.

Shortly after midnight on October 2, 1985, police officer John Rice found the victim's Corvette in an alley in the City of St. Louis. All four wheels were gone, the dashboard was destroyed, and the radio was missing. A few lug nuts were found nearby. Police investigators were able to lift a palm print from the roof of the vehicle which was later identified to be that of appellant.

As a result of the palm print analysis, Detectives Robert Dougherty and David Glenn of the St. Louis County Police Department, attempted to locate appellant on October 2, 1985. Approximately two blocks away from appellant's home in Wellston, the detectives saw appellant driving the Buick Electra which had been observed the previous day by the woman witness. Both detectives testified that they were previously familiar with appellant. They pursued appellant at a high speed. Finally, the Buick stopped and appellant jumped out and ran away. The detectives gave chase on foot, but were unable to apprehend appellant at that time.

Officer Andre Denham of the City of St. Louis Police Department was called to stake out the abandoned Buick. While Officer Denham waited, appellant drove up in a car, clad in different clothing. Officer Denham asked appellant who was the owner of the Buick. Appellant responded that the owner was "a guy named Ricky." The owner of the Buick was later found to be Ricky McCaw, appellant's brother. Officer Denham searched appellant, recovered keys from him and checked to see if the keys fitted the Buick; they did.

Following appellant's arrest, a search of the Buick yielded the following: the Delco AM–FM stereo radio taken from the Corvette in the Buick's trunk, and knobs from the radio and Corvette lug nuts inside the Buick's passenger compartment. The wires from the radio matched the wires remaining under the dash of the Corvette.

In his first point on appeal, appellant maintains that the trial court erred in overruling his objection to testimony from Detective David Glenn during his direct examination in which he stated that he had seen appellant on more than one occasion. Appellant contends that this testimony injected the appellant's character into evidence because the testimony constituted inadmissible evidence of other criminal behavior of the appellant.

We note that Detective Robert Dougherty testified at trial prior to Det. Glenn. Det. Dougherty testified not once, but twice, without objection, that he had seen appellant previously. Thus, appellant waived his right to have Det. Glenn's testimony excluded. *State v. Patterson*, 516 S.W.2d 571, 574[5] (Mo.App.1974). Even if the testimony was incorrectly admitted, we find it is harmless error as, "[i]t is well known that most police officers have a wide acquaintance among the citizenry in general and the fact that a person is known to a police officer does not necessarily convey the impression that he has a criminal record." *State v. Pitchford*, 324 S.W.2d 684, 688[4] (Mo.1959).

Appellant's attempt to distinguish the instant case from the *Pitchford* line of cases is not well taken. Neither Det. Dougherty nor Det. Glenn testified that they had known appellant from previous criminal activity. Failing to find prejudice, appellant's first point is not meritorious.

In his final point on appeal, appellant contends that the trial court erred in overruling his objection and motion for mistrial when Officer Denham testified that he searched and seized keys from the appellant that fit the Buick Electra. Since appellant's attorney had filed a timely request for discovery and a motion to suppress evidence, and since appellant's counsel was surprised by the testimony surrounding the search and seizure of the keys, appellant claims he was unfairly prejudiced.

The testimony concerning the keys is as follows:

Q. (By Prosecutor): Now, relative to the car that was stopped, Officer, the Buick vehicle, the one that you staked out, did you have any conversation with [appellant] with regard to that car?

A. We searched him and we had found keys and asked him whose keys they were and they fit that Buick that was stopped.

Q. Did you, yourself, place the keys in the Buick that was stopped?

A. Yes, sir.

Q. Did they fit the Buick?

A. Yes, sir.

PROSECUTOR: I have nothing further.

### CROSS EXAMINATION

BY DEFENSE ATTORNEY:

Q. You have those keys here?

A. No, sir.

Q. You don't have these keys here?

A. No, sir.

Q. Did you ever—what did you do with them?

A. Turned them over to the officers.

Q. To Detective Dougherty and Detective Glenn?

A. Yes, sir.

Appellant's counsel did not raise his objection regarding the keys until after Officer Denham completed his testimony. Although appellant's counsel could not have possibly anticipated Officer Denham's reply in advance, counsel could have moved for a motion to strike and raised his objection immediately following the keys comment. In the absence of a motion to strike, the point is not preserved for review. *State v. Worthan,* 632 S.W.2d 19, 22[4] (Mo.App.1982).

Nevertheless, reviewing for plain error, we find no manifest injustice or miscarriage of justice. Rule 29.12(b).

During his objection appellant's counsel vehemently requested a mistrial, while the prosecutor asked for a direction to the jury to disregard the evidence about the seized keys. The trial court offered to give the direction to the jury or to allow appellant to recall witnesses to rebut the testimony regarding the keys. Appellant's counsel did not approve of giving such a direction to the jury and ultimately recalled Det. Dougherty to the witness stand to testify regarding the keys. Appellant's claim on appeal that the trial court had no other proper remedy than to declare a mistrial is too limiting.

In *State v. Pinson,* 717 S.W.2d 266 (Mo. App.1986), we held:

> The declaration of a mistrial is a drastic remedy which should be granted only in those circumstances where the incident is so grievous that the prejudicial effect can be removed in no other way. We review the trial court's decision not to declare a mistrial only for abuse of discretion. Ordinarily, the trial court acts within its discretion and cures error in the admission of evidence by withdrawing the improper evidence and instructing the jury to disregard it, rather than declaring a mistrial.

(Citations omitted). *Id.* at 271[10, 11]. Any error in failing to take other curative measures was invited by counsel's own conduct in rejecting the trial court's proposals. *State v. Gilmore,* 681 S.W.2d 934, 943[23] (Mo. banc 1984). The fact that appellant sought no relief other than a mistrial cannot aid him. *Id.* We find the trial court acted within its discretion.

Assuming arguendo that the state failed to comply with appellant's discovery motion filed pursuant to Rule 25.03, our inquiry turns on whether there was any fundamental unfairness or prejudice to appellant as a result of the state's failure to disclose the circumstances surrounding the search and seizure of the keys. *State v. Biddy,* 748 S.W.2d 794, 798 (Mo.App.1988). The notion of fundamental unfairness or prejudice is to be measured by whether the evidence or discovery thereof would have affected the result of the trial. *Id.*

Appellant does not offer any argument as to how the outcome of the trial would have been any different had appellant's counsel known of the keys. In fact, the keys are merely one of many items of

circumstantial evidence linking appellant to the crime. These items include the fact that the Buick Electra was seen near the victim's house while the victim was at work, that appellant's palm print was recovered from the Corvette, that Detectives Dougherty and Glenn saw appellant drive the Buick and abandon it, that appellant returned to the Buick shortly after he abandoned it, and that the Buick belonged to Ricky McCaw, appellant's brother. The fact that appellant had keys for the Buick on his person at the time he returned to the Buick is not a vital piece of circumstantial evidence linking appellant to the crime. We conclude that the evidence as to the keys and their search and seizure, or the discovery thereof, would not have affected the result of the trial. Point denied.

Judgment is affirmed.

CRANDALL and GRIMM, JJ., concur.